FOURNET, Justice.
 

 The object of these consolidated suits is to set aside a certain quit claim deed executed by the plaintiffs in favor of the defendant Emmaline Gipson and for an accounting of their pro rata share of the oil and gas produced and sold from the property by the defendant McAlester Fuel Company. The deed is attacked on the ground that it was obtained by fraudulent misrepresentations and that no consideration was paid therefor, to the knowledge of the defendant McAlester Fuel Company.
 

 The defendant Emmaline Gipson denied the allegations of plaintiffs’ petitions and specially averred that the deed was valid and that the consideration therein recited had been paid the plaintiffs. The defendant McAlester Fuel Company also denied plaintiffs’ allegations and averred that relying on the faith of the record and the quit claim executed by plaintiffs, it acquired a lease on the property and that plain
 
 *909
 
 tiffs, by their said deed, are estopped to deny the conveyance of the rights they inherited from their deceased'father to Emmaline P. Gipson. In the alternative, they prayed that they should be permitted to show and recover the cost of drilling and operating the well, and to remain in possession of the well until the amount is liquidated.
 

 The trial judge rendered judgment in favor of the plaintiffs for their interest in the land, subject, however, to the lease granted to the defendant McAlester Fuel Company, whose plea of estoppel was sustained. Plaintiffs applied for a rehearing, which was denied by the trial judge, and they have appealed.
 

 The sole question for our consideration is the plea of estoppel, as the defendants have neither appealed nor answered the appeal.
 

 The record reveals that on June 22, 1934 Emmaline P. Gipson and her son, Robert P. Gipson, the record owners of a certain one acre tract of land located in the Rodessa Oil Field, Caddo Parish, Louisiana, executed an oil and gas lease thereon in favor of A. J. Lockett. On July 16, 1935, Lockett assigned the lease to the McAlester Fuel Company, but before accepting title or paying the consideration recited in the assignment, the McAlester Fuel Company had the title examined by its attorneys, who, upon an examination of the records of Caddo Parish, discovered that the description of the property was erroneous and that there was an outstanding interest in the property in favor of the heirs of Chesley Gipson, deceased. Whereupon Lockett was required to clear the title to the property by having the description of the ■ property corrected, and to either acquire leases from the heirs of Chesley Gipson or to have the surviving widow acquire their outstanding interest. A quit claim deed in favor of Emmaline Gipson dated July 25, 1935 was obtained from the plaintiffs, who comprise all of the heirs of Chesley Gipson, with the exception of three who refused to execute the deed but who later did execute leases in favor of the McAlester Fuel Company. Upon turning these documents over to the defendant company’s counsel, Lockett was paid the consideration for the assignment of the lease.
 

 The trial judge, in his written reasons for judgment, in disposing of the motion for a rehearing, gave a thorough analysis of the issues involved and of the pertinent authorities and their application to the facts of the case at bar. We therefore quote from the same, with approval, as follows:
 

 “Emmaline Gipson and her son were the record owners of the land in question; they executed an oil and gas lease in favor of Lockett on the whole of the land; that Lockett assigned this lease on the land to the McAlester Fuel Company, Inc., who declined to pay for it, until the defect ,in the title had been cleared (plaintiffs being some of the children of the husband of Emmaline Gipson who had died,) whereupon Mr. Lockett procured the deed in question, which, if valid perfected the title to the land in Emmaline Gipson, insofar as these plaintiffs are concerned, arid
 
 *911
 
 which deed was turned over to the Mc-Alester Fuel Company (along with leases from the other children) whereupon Mc-Alester Fuel Company paid the consideration to Lockett for the assignment of the lease.
 

 “ * * * plaintiffs executed a deed for their interest in the land to Emmaline Gipson, who granted the oil and gas lease to McAlester Fuel Company, Inc., hence the latter is a successor in title insofar as the oil and gas lease is concerned, and therefore a privy in title.
 

 “ ‘By a privy to a deed is meant a party to the deed or a legal representative of, or successor in title to, a party * * Farley v. Frost-Johnson Lbr. Co., 133 La. 497, 503, 63 So. 122, [124], L.R.A.1915A, 200, Ann.Cas.l915C, 717.
 

 “In the cited case, the Court gave the above definition of ‘privy to a deed’ and held that co-heirs are not privies to each other.
 

 “In the case of Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 55, 81 So. 753 [754], it is stated in the syllabus:
 

 “ ‘A “privy” is one who has succeeded to some right or obligation which one of the parties to the act derived through the act or incurred under it.’
 

 “It is clear that whatever interest in and to the minerals in the land in question belonging to plaintiffs passed by the deed to Emmaline Gipson and by the terms of the lease from her to Lockett and from him to McAlester Fuel Compay, and being a successor in title, the McAlester Fuel Company, Inc., is a ‘privy to the deed’ and entitled to urge the plea of estoppel by deed.
 

 “Counsel for plaintiff cites the case of Guice v. Mason et al., 156 La. 201, 100 So. 397, with reference to the rule of after acquired property, and says that the authorities therein cited seems to bear out plaintiff's contention that the McAlester Fuel Co., is not a privy to the deed executed by plaintiffs and is not in a position to plead or receive the benefit of estoppel by deed. Neither the question of estoppel or ‘privy to a deed’, is involved. The fact there was that W. H. Mason was given 80 acres of land by his mother; but no deed was then executed; later Mason sold the property to T. J. Guice, but no deed was then made, but Guice went into possession of the property. Thereafter Guice died and thereafter Mason received a deed to the property from his mother and then sold the property to one Roach, who plead prescription of ten years. The Court held that when Mason acquired title to the property this enured to his vendee. Mason having already sold the property to Guice could not hereafter sell it to Roach, and, of course Roach could not plead prescription of ten years when the plaintiff was in possession. The case might have been opposite if Emmaline, after acquiring the deed from plaintiffs had attempted to lease that interest to another person, such lease would have been invalid because she had already leased to Mc-Alester, and when she obtained the deed it would (and did) immediately enure to the benefit of McAlester.
 

 “Counsel also cites the case of McDade v. Green, La.App., 157 So. 275, which is
 
 *913
 
 not in point:. There the holder of the tÍ7 tie executed a deed in favor of his vendee without the vendee’s knowledge or consent, with the intent to defraud the plaintiff, and after the vendee acquired knowledge of the fact that the deed had been made in his favor, he, with the other defendant attempted to show that it was a good and valid sale, but the Court held that neither the vendor nor vendee were in good faith and struck down the' purported sale. There was no question involving a purchaser from that vendee. Carter, the vendee there, may be placed on the same footing with Emmaline (or Lockett) here, but the McAlester Fuel Company is or was not a party which caused the plaintiffs to deed away their property, hence they were not guilty of any fraud or any act of their own which caused the plaintiffs to act to their prejudice, therefore, they are entitled to plead the estoppel by deed.
 

 “Counsel argues that the case of Spencer Mims et al. v. S. G. Sample, 191 La.
 
 677,
 
 186 So. 66 [72], opinion by Supreme Court on November 28, 1938, is not in point because the document signed by Mims was .also signed McDade, Sample’s vendor, and that fact alone made Sample a privy to the act, which permitted him to plead estoppel by deed. Since we are of the opinion that McAlester Fuel Company is a privy to the deed signed by plaintiffs, as ‘being a successor in title’ then it becomes unimportant whether Emmaline accepted the deed in writing or therwise ‘because a party to the instrument.’ We call attention-to the Supreme Court’s opinion in that case, which, after quoting the opinion of the trial Court, said
 

 “‘Supplementing .the reasons of our learned brother below for sustaining the plea of estoppel as against Spencer Mims, it was shown * * * ’ that Mims had previously signed a similar instrument wherein he stated that he owned a
 
 Vtth.
 
 interest. ‘Defendant Sample and his vendors had nothing to do with that transaction. * * * There is no doubt that Sample relied on this recorded document in purchasing his interest in the land.’
 

 “The last referrec] to document was on record, but we do not think that the legal principles involved are changed whether the document is actually of record or produced for record. In the. last cited case one document was already of record and the other was filed for record at the: closing of the transaction.. The :trial court sustained the estoppeLas to the latter, and this was approved by the.Supreme Court, and it then supplemented the ground and approved estoppel as to the one . already on record.
 

 “Counsel refers again -to the fact that the deed was not signed by 'Emmaline. This is not necessary.. That the consideration was not paid, hence no acceptance of the title. We have held with plaintiff on this point, but if ■ the deed was good and valid, there would be no place of the plea of estoppel, but since the deed is invalid, the defendant has the right to rely on the plea of estoppel, which we have held is good.”
 

 For the reasons assigned, the judgment of the lower court is affirmed, at appellants’ cost.
 

 PONDER,. J., absent.