HARDY, Judge.
This is an action seeking judgment of partition by licitation of properties situated in Red River Parish, containing approximately 1,900 acres. From judgment, in accordance with the prayer of plaintiffs’ petition, describing the property, fixing the undivided interests of the parties plaintiff and defendant and ordering the partition by licitation, the defendants have appealed.
This suit was filed by Martin Timber Company, Inc. and Ida Christopher Butler, alleging their undivided ownership in the property involved and naming as defendants R. O. Roy, Robert A. Roy and Corinne Roy Kelly as owners in indivisión of the remaining interest in the property, the proportions of interests of the several parties being definitely specified. The suit was tried on the merits on December 29, 1961. Subsequent to trial defendants discovered that by act of conveyance dated December 26, 1961 and filed for record on December 28th, the day before the trial of this was had, plaintiff, Martin Timber Company, Inc., had sold all of its undivided right, title and interest in and to the minerals under the property concerned, to Norman Oil & Gas Company, Inc. After discovery of this sale, the defendants filed a pleading designated as a “MOTION TO HAVE PLAINTIFF, MARTIN TIMBER COMPANY, INC., DECLARED WITHOUT INTEREST NECESSARY TO STAND IN JUDGMENT,” and attached to this motion a certified copy of the mineral deed from the Martin Company to the Norman Company. To this pleading plaintiffs interposed an exception of no cause and no right of action. Defendants’ motion was overruled by the district court, and, subsequently, the judgment of partition was rendered and signed.
Before this court defendants have specified errors with respect to the judgment appealed from:
(1). In overruling the motion to declare Martin Timber Company without interest;
(2). In failing to hold that Martin Company’s mineral grantee was an indispensable party;
*701 (3). In decreeing that the Martin Company owned an interest in the property, and
(4). In ordering a sale of the property in globo without a separate appraisal of the values of the minerals, timber and surface.
We find no merit in the contentions that the plaintiff, Martin Timber Company, Inc., was without interest and that the Norman Oil & Gas Company, Inc. was an indispensable party to this action. LSA-C.C. Article 741, inter alia, specifically provides that an estate may be disposed by licitation without joinder of an owner or owners of mineral interests in the property involved, and further that no sale of an estate for the purpose of effecting a partition shall be annulled, avoided or set aside by reason of the failure to join the owner of a mineral interest.
Reference is made to the comment as to the effect of the amendment to Article 741 by Act 521 of 1950, found in Volume XI, L.L.R. 93, which reads as follows:
“Act 521 of 1950 again amends Article 741 to provide that a sale made in a partition by licitation proceeding is a perfectly valid sale even though all the parties having an interest in the property are not joined. The interest of a party not joined, however, is not affected or impaired by the sale of the property and continues just as if the sale had not been made. The vendee in the sale takes the property subject to the interests of parties not joined in the suit.”
Nor do we perceive any error in the judgment decreeing the ownership of an interest in the property to be vested in Martin Timber Company. Despite the sale of the mineral interests, and pretermitting consideration of any effect which such sale would have upon the grantor and grantee, there can be no question as to the ownership by Martin Timber Company of an undivided interest in the property.
Appellants’ last specification of error is based upon the argument that in instances where the ownership is different with respect to minerals, timber and surface, it would be impossible, absent a separate appraisal, to properly identify and disburse funds to which each owner of the several classes of property is entitled.
LSA-C.C. Article 741 provides that an appraisement of interests in the minerals in an estate which is the object of a suit for partition by licitation shall be ordered in all cases where the owner of a servitude or mineral interest is joined as a party to said suit. This provision would clearly appear to indicate that a separate appraisement is not necessary in those instances where the owner of a mere servitude or mineral interest is not joined as a party.
With further reference to this specification, we are at a loss to understand how the sale by Martin to Norman could prejudice or, in any way, affect the rights of defendants to their proportionate interests in the proceeds of a sale made en globo and without appraisal. The distribution of funds received from the sale as between Martin and Norman is a matter to be determined between them and one in which none of the other parties have any interest. There is no question as to the fact that Martin Timber Company, Inc. owned a full i°%80ths interest in the property at the time this suit was instituted, and it would appear that its vendee, Norman Oil & Gas Company, would be bound by the judgment in this case. In other words, there is a distinction in the status of Norman Oil & Gas Company, under the circumstances of this case, from that of a party who was an owner of minerals prior to the institution of the suit and was not joined as a party thereto.
Although not included in the specifications of error, it is urged on behalf of defendants that the division of the property into small tracts for the purpose *702 of separate sales would be more advantageous to all owners than a sale of the entire tract. This contention represents purely an opinion which was expressed and •detailed in the testimony of Mr. R. O. Roy, one of the defendants. Two witnesses on behalf of plaintiffs expressed an opposite opinion. The proposal of Mr. Roy would have entailed an arbitrary division of the property into six separate tracts embracing various amounts of acreage from approximately ten to more than 700 acres. It should be observed that plaintiffs alleged in their petition that the property was indivisible in kind and, therefore, the partition should be effected by licitation, which allegation was admitted in defendants’ answer. Under this circumstance, we consider the proposal for sale by separate tracts to be only a suggestion without any legal foundation of right with respect thereto. In any event, under LSA-C.C.P. Article 4606, the court is vested with discretion in directing the manner and conditions of effecting the partition as may be most advantageous and convenient to the parties. We cannot find any basis for a conclusion that the district judge in the instant case abused this discretion and, on the contrary, we are in accord with his rejection of defendants’ proposal to sell by parcels.
For the reasons assigned, the judgment .appealed from is affirmed at appellants’ cost, and
IT IS ORDERED, ADJUDGED AND DECREED that Martin Timber Company, Inc., Ida Christopher Butler, R. O. Roy, Robert A. Roy and Mrs. Corinne Roy Kelly be and they are hereby recognized as owners of the following described property, to-wit:
Those certain tracts or parcels of land, situated in the Parish of Red River, State of Louisiana, in Township 13 North, Range 10 West, containing 1939.48 acres, more or less, more particularly described as follows:
Two acres of land in the fractional portion of the W }4 of SW hi of SW hi of Section 2, lying West of the public road leading from Coushatta to Love’s Lake; the S Y2 of S Y2 of the SE 14 and the S 14 of N J4 of S }4 of SE 14 of Section 3; Lots 3 and 4 of Section 8; the E J4 of Section 9, the SE '14 of NW 14 of Section 9, and Lots 3, 4 and 5 of Section 9; the W 14 of NW ,54 of Section 10, less 23 acres in the NW 14 of NW 14, situated North of Lucas Branch, belonging to Mrs. G. B. Mangham; E -¡4 of NW 14, the SW }4, the N / oí NE 14, the SW 14 of NE 14, N 14 of SE 14, and the SW J4 of SE ;J4 of Section 10; the NW 4, N of NE 14, SE -i/4 of NE i/4, and the N .14 of SW 14 of NE J4 °f Section IS; NE 14, the NW 14 of SE 14, E .14 of SW 4, SW 14 of SW 4, SE 14 of NW i/4, and Lots 1, 3 and 4 of Section 16; and Lot 3 of Section 17, all situated in said Township 13 North, Range 10 West.

LESS AND EXCEPT:

The NW 4 of SW 4 of Section 16, Township 13 North, Range 10 West, and also that certain parcel of land particularly described as beginning at a point 2111 feet North, 1810 feet West of the Southeast corner of Section 16, Township 13 North, Range 10 West, and from which point run thence West a distance of 660 feet, run thence North a distance of 660 feet, run thence East a distance of 660 feet, and run thence South a distance of 660 feet to the point of beginning, and containing ten acres, more or less.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties hereinabove named own the property hereinabove described in the following proportions, to-wit:
Martin Timber Company, Inc. 104so
Ida Christopher Butler Wiso
R. O. Roy s%8o
Robert A. Roy ^so
Corinne Roy Kelly ^iso
*703 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property hereinabove described is not divisible in kind.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said property be partitioned by licitation, and in order to effect a partition of said property by licitation Sidney A. Jones, Sheriff and Ex-Officio Auctioneer, is hereby ordered to advertise said property for sale, according to law,, and. to sell said property at public auction, to the last and highest bidder, without benefit of appraisement, and clear of encumbrances.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said Sidney A. Jones, Sheriff, deduct the cost of this suit and the cost of making said sale from the proceeds realized from the sale of said property, and that he divide the remainder of said funds among the plaintiffs and the defendants herein, and in the proportions of their respective ownerships.