HAMITER, Justice.
Martin Timber Company, Inc. (sometimes referred to hereinafter as Martin) and Ida Christopher Butler instituted this action against R. O. Roy, Robert A. Roy and Corinne Roy Kelly to partition by licitation a tract of land situated in Red River Parish, containing approximately 1939.40 acres, allegedly owned in indivisión as follows:
Martin Timber Company, Inc. 10JÍ80
Ida Christopher Butler ^so
R. O. Roy 8%so
Robert A. Roy 1%so
Corinne Roy Kelly 1%so
The suit was filed on September 18, 1961, and a notice of lis pendens was placed of record by plaintiffs the following day.
On October 24, 1961 the defendant co-owners answered, admitting all of the pertinent allegations of the petition, including the ownership of the respective undivided interests, but affirmatively averring that “ * * * some of the land is high land covered with pine and hardwood timber, while some of it is bottom lands, and * * the divergent lands can be sold in separate parcels or tracts to attract more prospective purchasers than would be the case if the land is sold in its entirety; * * They prayed that “ * * * said property be divided into lots and parcels in such manner that said property can be sold for the best price obtainable; * *
*436 The case was tried and submitted on December 29, 1961, it then presenting only an issue respecting the manner in which the sale should be effected.
But a few days after the trial the defendants learned that on December 26, 1961 (while the mentioned lis pendens was of record) Martin conveyed all of the minerals in and under its undivided lm/iso interest to Norman Oil and Gas Company, Inc. (hereafter sometimes called Norman) for a cash consideration of $1060.21; that on December 28, 1961 (the day before the trial) the plaintiffs caused the then existing lis pendens to be cancelled and the mineral deed of December 26, 1961 recorded; and that on December 29, 1961 (the day of the trial) the latter filed for recordation another lis pendens.
After receiving such information the defendants (on January 11, 1962) filed a “Motion to have plaintiff Martin Timber Company, Inc. declared without interest necessary to stand in judgment.” The motion was overruled.
Norman Oil and Gas Company, Inc. was never made a party to the suit. Nevertheless, the district court decreed (judgment was rendered April 27, 1962 and signed May 1, 1962) that the property described in plaintiffs’ petition be sold “at public auction, to the last and highest bidder, without benefit of appraisement, and clear of encumbrances.” Further, it ordered that the proceeds of the sale, after the deduction therefrom of costs of the proceedings, be divided “among the plaintiffs and the defendants herein, and in the proportions of their respective ownerships.” The judgment made no mention of the mineral conveyance from Martin to Norman. (Italics ours.)
On appeal to the Second Circuit Court of Appeal the judgment was affirmed. See 147 So.2d 699. We granted certiorari at the instance of the defendants, 244 La. 122, 150 So.2d 586.
The writ was issued primarily because we were inclined to the view that the litigation could not properly be resolved without legally adjudicating the rights of Norman which was, as aforestated, never cited; and, further, that unless such adjudication was legally made and expressly noted in the judgment the mineral vendor (Martin) might be placed in a position to obtain an undue and unfair preference over the defendants with respect to the bidding at the partition sale and to the distribution of the proceeds realized.
In his brief to this court counsel for defendants urges that the Court of Appeal erred in “ * * * decreeing that Martin Timber Company, Inc., after disposing of its mineral interest, is entitled to the same portion of proceeds of Sheriff’s sale as remaining co-owners of property who did not dispose of their mineral interest during pendency of the suit, or in other words, in decreeing that Martin Timber Company, Inc., by its manipulations during pendency of the action, acquired a preference over remaining owners of interests in the property sought to be partitioned.”
On the other hand plaintiffs’ counsel contend that Norman is not an indispensable party to this partition proceeding; that the proposed licitation would not convey the mineral interest which Norman acquired; and that, nevertheless, Martin is entitled to 10%80 of the entire proceeds of the sale (even though it now owns that proportion of only the surface of the property). In support of this contention counsel cite and rely on Revised Civil Code Article 741 (as amended by Act 521 of 1950), the pertinent provisions of which recite: “1. If in the suit for a partition, it be determined that the estate be disposed by licitation, and the owner of any servitude or mineral interest or interest therein, be not joined as a party thereto, the servitude or mineral interests or interests therein, shall continue to exist on the estate unaffected and unimpaired by the licitation.
******
“3. No sale of an estate for the purpose of effecting a partition thereof shall be an *437 nulled, avoided or set aside because of the fact that the owner of any servitude or mineral interest affecting the whole or any portion of said estate, or interest therein, is not joined as a party to the suit instituted for the licitation of said estate; provided, however, that the interest of such party in such a case shall not be affected or impaired by the sale of said property, but shall remain in force to the same extent as if said sale had not been made.”
The judgment of the Court of Appeal, which approved that of the district court, does allocate to Martin 10%so of the entire proceeds of the sale. Seemingly, however, such judgment contemplates that the property will be sold as a whole, including the mineral interest conveyed to Norman, for it orders a sale of the lands involved “clear of all encumbrances” and makes no specific mention of the outstanding mineral servitude.
In its opinion the Court of Appeal observed : “ * * * The distribution of funds received from the sale as between Martin and Norman is a matter to be determined between them and one in which none of the other parties have any interest. There is no question as to the fact that Martin Thru-ber Company, Inc. owned a full imAosths interest in the property at the time this suit was instituted, and it would appear that its vendee, Norman Oil & Gas Company, would be botmd by the judgment in this case. In other words, there is a distinction in the status of Norman Oil & Gas Company, under the circumstances of this case, from that of a party who was an owner of minerals prior to the institution of the suit and was not joined as a party thereto.” (Italics ours.)
Considering the quoted observations, the Court of Appeal apparently ruled that the provisions of Revised Civil Code Article 741 (as amended), insofar as they state that a mineral interest remains unaffected when the owner thereof is not joined as a party to the partition proceeding, do not apply under the peculiar circumstances of this case (the mineral servitude did not arise until subsequent to the institution of the partition proceeding); and that in a situation such as the one here the mineral interest passes to the purchaser at the partition sale, leaving the owner thereof with a claim only against his vendor. However, it is manifest that in so ruling the court directly (and we think improperly) passed upon the rights of Norman (the mineral owner) without requiring that it be made a party hereto as should have been done.
Of course, in order to allocate correctly the proceeds of the proposed partition sale it is imperative that the status of the Norman interest be determined in advance. If, as the Court of Appeal held, such interest is to be conveyed then Martin will be entitled to a 10Yiso of the entire proceeds (leaving those two companies the undertaking of settling their respective rights thereto). If not so conveyed Martin will be entitled to only 10Yiso of the surface value of the property.
Too, a legal and proper determination of what will happen to the Norman minerals at the partition sale, with a specific declaration relative thereto made in the judgment, is essential in order to inform bidders as to the extent of the property to be sold. Without that advance determination a purchaser might well acquire a costly law suit, for Norman (being no party to this proceeding) would not be estopped from litigating its interest after the sale.
In this connection we observe that the Norman minerals were acquired while the initial lis pendens was of record, serving as constructive notice of the pending partition proceedings. However, it is not now necessary for us to, and we do not, pass upon the effect of that recorded instrument. We only suggest that its existence, together with Norman’s absence from this proceeding, could well play a prominent part in litigation that might follow a sale held pursuant to the' judgment presently under review.
*438 Further, we neither approve nor disapprove, at this time, the apparent ruling of the Court of Appeal that the provisions of Revised Civil Code Article 741 (relied on by plaintiffs) are inapplicable to the Norman minerals which were acquired subsequent to the commencement of this action. It is necessary for us to hold now (as v/e do) only that, in view of such belated acquisition and the serious questions arising therefrom (whether the entire property should be offered at the partition sale and how the proceeds thereof are to be distributed), Norman should and must be made a party to this proceeding in order to assure a legal and proper resolution of the litigation.
Article 641 of the Code of Civil Procedure declares: “Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. No adjudication of an action can be made unless all indispensable parties are joined therein.” From the foregoing discussion it is evident that Norman’s interest (acquired while this suit was pending) is so directly affected by the primary issue presented for decision herein (whether the interest is to be sold) that a complete and equitable adjudication of the controversy cannot be made unless that mineral owner is joined in the proceeding. Accordingly, the case will be remanded for such purpose.
Code of Civil Procedure Article 641, incidentally, is but a recognition and codification of the existing jurisprudence wherein this court has often held that it is improper to rule prejudicially to the rights of a person not a party to the suit, and that when the situation is such that the adjudication of his rights is necessary to a correct determination of the litigation he must be joined. See the “Preliminary Statement” of the redactors of the Code of Civil Procedure relative to the purpose and application of Article 641, it citing particularly Horn v. Skelly Oil Company efc al., 221 La. 626, 60 So.2d 65.
For the reasons assigned the judgments-of the district court and Court of Appeal’ are reversed and set aside and the case is-remanded to the district court for the purpose of joining the Norman Oil and Gas-Company, Inc. as a party to this action and' for conducting further proceedings in accordance with law and in keeping with1 the views herein expressed. All costs are-to be paid from the proceeds realized froms the sale of the property.
FOURNET, C. J., concurs in the decree..