DENNIS, Judge.
This is an appeal from a judgment ordering a partition by licitation of a tract of land in Union Parish, Louisiana, containing 36.2 acres, and rejecting the claims of one co-owner arising from his improvement of the property and payment of a mortgage indebtedness affecting it.
W. W. Johnstone originally acquired the whole property from the Farmerville State Bank in 1965. In connection with this sale W. W. Johnstone executed a promissory note payable to himself in the amount of $3,000 secured by a special mortgage affecting the involved property. The note was assigned to the bank as partial payment of the purchase price. In 1967 W. W. Johnston executed and recorded a deed transferring the property to his son, Daniel M. Johnstone, who was at that time married and living with Pauline Winters John-stone. The price for which the sale was made was the assumption by Daniel M. Johnstone of the mortgage indebtedness affecting the property held by the bank in the approximate sum of $2,250. On May 24, 1973 Pauline Winters Johnstone, by a notarial act in which she deposed that she had been divorced from Daniel M. John-stone, sold an undivided 1/2 interest in the property to the plaintiff herein, L. E. Patrick. The act of sale, which was recorded *664 May 25, 1973, was signed by L. E. Patrick and recited a consideration of $100 and “the assumption of any and all obligations and/or encumbrances against said property on behalf of vendor [Mrs. Johnstone] . . . . ” On May 29, 1973 there was recorded in the conveyance records in Union Parish a counter letter dated January 25, 1967 signed by Daniel M. Johnstone and Pauline Johnstone stating that the deed of the same date to them from W. W. John-stone was executed for his convenience and that W. W. Johnstone was in truth the owner of the property purportedly conveyed. By a deed executed and recorded on May 17, 1974, W. W. Johnstone sold all his interest in the property to Joe Earl Johnstone, reserving unto himself an undivided 14 interest in the minerals. Danny M. Johnstone appeared in the deed and declared that he did not own the property but that it was owned by his father, W. W. Johnstone.
Plaintiff, L. E. Patrick, brought this suit against W. W. Johnstone and Danny M. Johnstone on September 17, 1973 for partition of the property by licitation, alleging that it was not susceptible to a division in kind. The petition was later amended to add Joe Earl Johnstone as a defendant. W. W. Johnstone filed an answer, recon-ventional demand and third party petition. In the answer W. W. Johnstone denied that the property was insusceptible to a division in kind. In his reconventional demand W. W. Johnstone alleged that L. E. Patrick was liable to him for $2,250, a sum which W. W. Johnstone allegedly was forced to pay the bank because L. E. Patrick did not perform the obligation he assumed in his purchase deed. Also, W. W. Johnstone alleged that he had improved the property by placing fences and other additions thereon for which he should be paid out of the proceeds of any partition by licitation. In his- third party petition W. W. John-stone asserted the same claims for reimbursement against Pauline Winters John-stone and Daniel M. Johnstone. In addition, W. W. Johnstone sought damages from them for causing him to lose of the property.
Before trial on December 3, 1974 the parties entered oral stipulations to the effect that the tract of land is owned in indi-visión by the following persons in the following proportions: L. E. Patrick, 1/<> of fee and minerals; Joe Earl Johnstone, 1/2 of fee only; W. W. Johnstone, 1/z of minerals only. It was stipulated that W. W. Johnstone’s rights would be reserved to proceed against Danny M. Johnstone and Pauline Winters Johnstone.
Also, in open court immediately before trial, the plaintiff’s attorney stated:
“We further want to enter into a joint stipulation and agreement that there will be a, according to Civil Code Article 741 that a notary and two appraisers prior to the sale by licitation of the disputed property and at a time fixed by the Court that the property will be sold subject to this appraisal.”
The defendants’ attorney was present in court but did not voice objection or consent to the proposed stipulation. After these pre-trial statements the plaintiff rested his case without adducing evidence.
W. W. Johnstone presented evidence in support of his reconventional demand against L. E. Patrick. W. W. Johnstone testified that he had placed a barn, a well, and fences on the land, and that he had cleared and seeded it with bermuda grass at a cost of approximately $1,800. However, on cross examination he testified the barn and the well were located on a different tract of land, and he did not assign any separate value for fencing and planting grass on the disputed property.
Mr. Ben Post, president of the Farmer-ville State Bank, testified that W. W. Johnstone had paid the entire amount of the note held by the bank and secured by a mortgage on the property. However, he had not been asked to bring all his records and consequently was unable to testify to the exact amount of the unpaid balance or, *665 May 25, 1973, the date of the assumption of the indebtedness by L. E. Patrick.
The judgment below recognized L. E. Patrick as owner of an undivided [4 interest in the fee and minerals, Joe Earl John-stone as owner of an undivided 14 interest in fee, and William W. Johnstone as owner of an undivided 14 interest in the minerals pertaining to the property. The court further ordered a partition by licitation with an appraisement of the property, including separate appraisals of the fee and minerals, to be filed, approved and homologated before the judgment was to be signed ordering the sale of the property. Attorneys’ fees were awarded to the plaintiff and defendants payable from the sale of the property. W. W. Johnstone’s claims in reconvention against L. E. Patrick were rejected, and his rights to proceed against Danny M. Johnstone and Pauline Winters Johnstone were reserved.
The trial judge, in oral reasons for judgment, stated that the district court had sustained an exception of no cause of action filed by Daniel M. and W. W. John-stone, which was based on the fact that Daniel M. and W. W. Johnstone were no longer owners of ■ the property, and held that because of dismissal of the main demand the reconventional demand of W. W. Johnstone also fell. The record, however, does not reflect that the exception was tried or decided before trial. Furthermore, W. W. Johnstone, as the owner of a mineral servitude affecting an undivided 1/2 interest in the property, was either an indispensable or a necessary party to the partition proceeding. Martin Timber Company v. Roy, 244 La. 1050, 156 So.2d 435 (1963); Cf. R.S. 31:179. For this reason it would have been error to sustain an exception of no cause of action as to plaintiff’s action against him.
Accordingly, we find that the trial court should have considered on its merits the reconventional demand of W. W. Johnstone. By agreeing with Pauline Winters Johnstone on May 24, 1973 to assume “any and all obligations and/or encumbrances against said property on behalf of vendor [Mrs. Johnstone]”, L. E. Patrick contracted to pay that portion of the unpaid mortgage indebtedness existing and applicable to the undivided }4 interest of the property acquired from her on that date. The evidence does not reveal the unpaid balance of the mortgage indebtedness existing on May 24, 1973. However, since the case must be remanded on other issues, in the interest of justice we direct the district court to take additional evidence sufficient to determine this fact and render judgment in favor of W. W. Johnstone in the amount of [4 of the unpaid balance on May 24, 1973 of the promissory note secured by a mortgage on the property held by the Farmerville State Bank.
There is no evidence in the record indicating that the property may not be divided in kind. Although there appears to have been a stipulation between the parties that the property would be partitioned by licitation, the trial judge in his oral reasons made no mention of it. On appeal defendants assign as error the trial judge’s failure to order a partition in kind. Neither in brief nor in oral argument did the plaintiff assert that a stipulation had been entered for a partition by licitation.
The law is well settled that the trial judge must order the property partitioned in kind unless it be proved that it is indivisible by its nature or that loss or inconvenience to one of its owners would be the consequence of dividing it. C.C. Arts. 1339, 1340; Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959).
In the absence of any evidence tending to show that the property is indivisible by its nature or that loss or inconvenience to one of the owners would result from dividing it, the trial judge in the instant case should have ordered a partition in kind, unless the parties had agreed to a partition by licitation. Because the record *666 is ambiguous regarding whether the parties entered such a stipulation, we cannot affirm the judgment of the trial court ordering a sale of the property.
The judgment of the trial court in rejecting W. W. Johnstone’s claim for improvements to the property was correct because the evidence was insufficient to prove their existence or value.
For the reasons assigned, the judgment of the district court is affirmed insofar as it recognized the ownership interests of the parties, recognized plaintiff’s right to a partition, rejected W. W. Johnstone’s claim for improvements and reserved his rights against Danny M. Johnstone and Pauline Winters Johnstone. In other respects, the judgment is reversed.
It is ordered that an award on the reconventional demand be determined and that the immovable property owned in indi-visión by the parties be partitioned. If the trial court determines that the parties did not stipulate to a partition by licitation, it should then proceed to determine if a partition in kind may be accomplished. In making this decision the court shall be governed by Civil Code Articles 1339, 1340 and the applicable jurisprudence. However, in ordering the partition anew the court must also adhere to the provisions of the new Mineral Code which became effective January 1, 1975. LSA-R.S. 31:1 et seq. Because the land in this case is burdened by a mineral right created by fewer than all the co-owners, a partition in kind may not be ordered unless it can be accomplished in such fashion that the allocation of tracts to the co-owners assures that both surface and mineral values of each tract are in the same proportion to the total value of the surface and mineral rights respectively as each co-owner’s interest bears to the whole of the surface and the mineral rights respectively. LSA-R.S. 31:178. If a partition in kind may not be ordered, then the district court should order a partition by licitation in accordance with the provisions of LSA-R.S. 31:180 et seq.
The case is remanded to the district court for further proceedings in accordance with law and consistent with the views herein expressed. The costs of this appeal are to be borne equally by L. E. Patrick, W. W. Johnstone and Joe Earl John-stone.
Affirmed in part, reversed in part and remanded.