MARVIN, Judge,
dissenting:
I respectfully dissent. The essence of the trial court’s holding is that the Vi mineral interest, conveyed by Leon Whitten to H. L. Whitten in 1975 after the partition suit was filed but before the partition sale, was rescinded either by the sale or by the 1976 instrument executed by Leon and H. L. Whitten after the partition sale, and that they, Leon and H. L., are estopped to deny that result. The majority adopts this rationale as being “substantially” correct from a legal standpoint and holds that Leon and H. L. “cannot now say that [their declaration in the 1976 instrument] was applicable [only] to the requirement of Meadors [the lawyer for the royalty vendee] ... but ... is [not] applicable to the plaintiffs in this suit.”
*971 I dissent because I believe it is error to apply estoppel under the circumstances of this case.
The reason the 1976 instrument was executed by Leon and H. L. Whitten was to satisfy the requirement of the lawyer (Mea-dors) for Shaw (the mineral vendee of H. L.) as to the questioned legal effect of the partition sale upon the minerals conveyed to H. L. by Leon after the partition suit was filed, but before the partition sale occurred. After the partition sale, Leon had acquired from plaintiff Harmon a Vs interest in the property purchased at the partition sale by plaintiff Harmon, and Meadors apparently wanted to make sure that H. L. had a title legally sufficient to convey the mineral royalty to his client, Shaw. The lower court’s reasons for judgment, quoted by the majority, adequately explains why the 1976 instrument was .executed.
The lower court “did not find it necessary” to determine the effect of the 1975 sale of Ve minerals by Leon to H. L. or to determine whether that sale "... was extinguished by the partition sale on August 4, 1976, as a matter of law.” Since I contend that estoppel should not apply, I strongly believe these issues should have been expressly resolved by the majority.
In this respect, H. L. (the father) is not the alter ego of Leon (the son). Their transactions are shown to be arms length and for consideration. No fraud or collusion is shown. I am of the further opinion that the partition sale did not extinguish the prior sale of Vfe minerals by Leon to H. L. See R.S. 31:179 and Martin Timber Company v. Roy, 244 La. 1050, 156 So.2d 435 (1963). If the mineral owner is not made a party to the partition suit, especially as here where no lis pendens was filed, the purchaser at the partition sale does not acquire the outstanding minerals. R.S. 31:179.
Even if H. L. and Leon may be estopped from claiming contrary to their acknowledgment in the 1976 instrument as to Shaw, H. L.’s mineral vendee, and his successors in title, they are not estopped as to plaintiff. Harmon and his co-plaintiff are not privies to that instrument and the acknowledgement was contained in the instrument, according to the majority, to resolve a questionable point of law. This is not a proper legal basis to find either renunciation or estoppel.
A privy to a deed is a party to the deed, a legal representative or successor'in title to a party to a deed. Gipson v. Gipson, 193 La. 807, 192 So. 355 (1939). A privy is one who has succeeded to some right or obligation which one of the parties to an act derived through or from the act. Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 81 So. 753 (1919).
Only parties to a deed and their privies are estopped from denying the truth of any material fact asserted in the instrument. Estoppel is not applicable to assertions of law.
Even declarations of fact in a deed do not estop a party making them unless the declarations are the essence of the contract and the contract presumably would not have been entered into unless the recited fact actually existed. Succession of Sonnier, 208 So.2d 562 (La.App. 3d Cir. 1968). A misrepresentation of the effect of the law, except in exceptional circumstances, does not raise equitable estoppel. See American Bank & T. Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (1967).
“Founded upon good faith the doctrine [of equitable estoppel] is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his ... representations
“Since estoppel bars the normal assertion of rights, courts apply the doctrine cautiously * * *
“To raise an equitable estoppel, the record must establish not only that the pleader relied upon a representation . .. but also that he was justified in so doing. Justifiable reliance is fundamental.” American Bank, supra, 205 So.2d at p. 40.
In Succession of Sonnier, supra, a surviving husband declared in an inter vivos act of donation to his wife that the property *972 donated was community property. In a contest between the husband and the heirs of the decedent wife, the court held:
“... [T]he statement that ‘the property donated comprises community property’ was not essential to the donation. * * * [T]he husband is not estopped from asserting in this suit that the property affected by that donation was his separate property.” 208 So.2d at p. 567-568.
I furthermore disagree that the 1976 instrument truly constituted a renunciation of the prior servitude by H. L. Whitten so as to legally extinguish that servitude and I disagree that it is totally immaterial that plaintiffs may have benefited from the ex-tinguishment. As I view the 1976 instrument in its entirety and in the light of its purpose, it was executed to assure to H. L.’s mineral vendee the royalty interest he had previously purchased. This was accomplished by the conveyance to H. L. of Ve of the minerals which Leon had acquired when he bought a Vs interest in the property from the plaintiff Harmon, purchaser at the partition sale, after the partition sale. This language of the deed, I believe is highly pertinent:
“The vendor and vendee agree and acknowledge that the mineral servitude created ... by Leon ... in favor of H. L. ... was extinguished by a partition . . . and this is a reconveyance of the same mineral interest for the same consideration paid in the first mineral deed.”
In this respect, this amounts to a mere acknowledgement as to the legal effect of the partition sale and is not an express renunciation of the prior servitude insofar as concerns plaintiffs in this lawsuit.
The prior law (CC Art. 816), declaring that a renunciation is clearly confined to what is clearly expressed because one is not presumed to have renounced his right, is still the law. CC Art. 771, and Comment (b), Act 514 of 1977, effective January 1, 1978.
Plaintiffs have not justifiably relied on any acknowledgement or declaration by Leon and H. L. This is fundamental. American Bank, supra. A declaration or “acknowledgement” of the legal effect of a partition sale as extinguishing the servitude of a mineral owner, not a party to the partition suit, is neither a renunciation of the servitude, nor the type of representation upon which an estoppel can be legally based.
I find nothing in the law that prohibits a plaintiff in a partition suit from selling mineral rights before the partition sale. Plaintiffs have not alleged or shown any declaration or representation to them or a predecessor in title by Leon or by H. L. that plaintiffs were acquiring any minerals at the partition sale. Outstanding minerals are excluded from the partition sale unless the owner of the outstanding minerals is made a party to the partition suit. R.S. 31:179.
I do not find either a renunciation or equitable estoppel in these circumstances and respectfully dissent.