361 So.2d 894 (1978)
L. E. PATRICK, Plaintiff-Appellee,
v.
Danny M. JOHNSTONE et al., Defendants-Appellants.
No. 13565.
Court of Appeal of Louisiana, Second Circuit.
June 5, 1978.
Rehearing Denied August 15, 1978.
*895 Rabun & Post by Armand F. Rabun, James M. Dozier, Jr., Farmerville, for defendants-appellants.
Gilmer P. Hingle, Monroe, for plaintiff-appellee.
Before BOLIN, HALL and JONES, JJ.
En Banc. Rehearing Denied August 15, 1978.
BOLIN, Judge.
The principal question presented by this appeal is whether the trial court was correct in ordering a partition by licitation of 35 acres of land owned in indivision equally by L. E. Patrick and Joe Johnstone, and burdened by a mineral servitude owned by W. W. Johnstone created out of Joe Johnstone's undivided one-half interest in the land. For reasons stated herein we affirm.
When the case was first appealed to this court we remanded [312 So.2d 662], instructing the trial court to determine whether a partition in kind could be effected under the guidelines set forth in the applicable provisions of the Louisiana Civil Code, the new Mineral Code, and the jurisprudence. Specifically, our instructions were:

*896 . . . If the trial court determines that the parties did not stipulate to a partition by licitation, it should then proceed to determine if a partition in kind may be accomplished. In making this decision the court shall be governed by Civil Code Articles 1339, 1340 and the applicable jurisprudence. However, in ordering the partition anew the court must also adhere to the provisions of the new Mineral Code which became effective January 1, 1975. LSA-R.S. 31:1 et seq. Because the land in this case is burdened by a mineral right created by fewer than all the co-owners, a partition in kind may not be ordered unless it can be accomplished in such fashion that the allocation of tracts to the co-owners assures that both surface and mineral values of each tract are in the same proportion to the total value of the surface and mineral rights respectively as each co-owner's interest bears to the whole of the surface and the mineral rights respectively. LSA-R.S. 31:178. If a partition in kind may not be ordered, then the district court should order a partition by licitation in accordance with the provisions of LSA-R.S. 31:180 et seq.
Following trial on remand the district judge in an excellent written opinion stated:
"The law of this state with reference to the method of partitioning immovable property was summarized by the Supreme Court in the case of Babineaux v. Babineaux (1959) 237 La. 806, 112 So.(2) 620 as follows:
'The Judge must order the property partitioned in kind unless it be proved that it is indivisible by its nature or that loss or inconvenience to one of its co-owners would be the consequence of dividing it. LSA-C.C. Articles 1336, 1337, 1339 and 1340.'
"It follows that the burden is upon the party requesting a partition by licitation to show that the property is indivisible by its nature or that loss or inconvenience to one of the owners would result from dividing it. In this case the plaintiff Patrick was petitioning for a partition by licitation. However, neither at the original trial nor in the proceedings held after remand did he offer any evidence at all tending to show that the property was indivisible in kind.
"However, in determining this issue the Court must also consider the new Louisiana Mineral Code and particularly that portion designated as LSA-R.S. 31:178, which provides:
'If land burdened by a mineral right or rights created by fewer than all of the co-owners of the land is judicially partitioned, a partition in kind may not be ordered unless it can be accomplished in such fashion that the allocation of tracts to the co-owners assures that both surface and mineral values of each tract are in the same proportion to the total value of the surface and the mineral rights respectively as each co-owner's interest bears to the whole of the surface and the mineral rights respectively.'
"Procedural implications of the partition articles of the Mineral Code are discussed in an article entitled Co-Ownership Under the Mineral Code, Twenty Second Annual Institute on Mineral law, pages 150, 151 (1975) as follows:
'The procedural partition articles of the Mineral Code essentially restate existing law. Only two extensions deserve special note, one disfavors the in kind partition of minerals and the other makes a mineral right owner a necessary party to any partition action.
'Louisiana jurisprudence has long supported licitation as the most appropriate manner for partitioning "known mineral lands." The courts found present technology inadequate to assess the mineral value underlying the various portions of such lands and, accordingly, could not with certainty divide the property in equal lots for in kind distribution. The Civil Code might have permitted an in kind division of the surface coupled with a licitation of the minerals, but no court felt bold enough to fashion this remedy. The Louisiana Supreme Court indicated that the party demanding partition by *897 licitation had the burden of proving the property "known mineral land." After this proof, the party resisting licitation had the burden of proving the property susceptible to an equitable in kind partition. The Mineral Code retains the presumption against in kind partition, but jettisons the "known mineral land" concept. The mere existence of a mineral right, carved from less than an entirety of the fee ownership, will now ordinarily compel partition by licitation without regard to the property's mineral worth. This rule offers a new tool for land coproprietors who prefer licitation to in-kind partition. They can reverse the Code of Civil Procedure presumption against licitation by granting a small royalty against their unburdened interests.'
"Taking into consideration the pertinent portions of the Mineral Code dealing with the subject of partitioning land, it now appears that the presumption against licitation can be overcome by the party requesting a partition by licitation by his simply proving that the land to be partitioned is burdened by mineral rights created by less than all the co-owners.
"It was established and accepted by all of the parties at the beginning of the original trial in this matter that this precise situation obtained in this case. While L. E. Patrick owned an undivided interest in both fee and minerals, Joe Earl Johnstone only owned an undivided interest in fee and William W. Johnstone only owned an undivided one-half interest in the minerals.
"Obviously, the burden is upon the party requesting a partition in kind to meet the requirements of Section 178 of the Mineral Code by showing that the partition in kind can be accomplished in such fashion that the allocation of tracts to the co-owners assures that both surface and mineral values of each tract are in the same proportion to the total value of the surface and the mineral rights respectively as each co-owner's interest bears to the whole of the surface and the mineral rights respectively.
"To summarize, the present state of our law on the subject of partitioning immovable property is that initially there is a presumption in favor of partition in kind. This may be rebutted by one who seeks a partition by licitation by showing that the land to be partitioned is burdened by a mineral right created by fewer than all of the co-owners of the land to be partitioned. There then arises a presumption that the property is to be partitioned by licitation, which in turn can only be rebutted by proof on the part of the party advocating a partition in kind that the requirements set out in Section 178 of the Mineral Code have been met.
"In the case at bar, the defendants who were requesting a partition in kind offered no evidence whatsoever that this could be accomplished in the manner required by the terms of Section 178. Therefore, it is again the conclusion of this Court that the property must be partitioned by licitation rather than in kind."
The opinion of the trial judge correctly sets forth the law and the facts. While some of the statements in our original opinion may seem inconsistent with the law as pronounced herein, we do not find this to be true when that entire opinion is read in connection with the instructions on remand. What we intended to hold then and what we hold now is that ordinarily partitions in kind are favored; however, where the land is burdened by a mineral right created by fewer than all the co-owners of the land, partitions by licitation are favored and the burden shifts to the party seeking a partition in kind to prove it can be accomplished under the guidelines set forth in Article 178 of the Mineral Code.
Appellants also complain that even if partition by licitation is proper, the partition should not have been ordered until the procedures set forth in R.S. 31:179-187 had been complied with. This complaint lacks merit. By the original and supplemental judgments the trial court ordered a partition by licitation of the property in accordance with R.S. 31:178 et seq., and appointed the notary and appraisers.
*898 We find R.S. 31:180, 181, 182 and 183 clearly outline the procedures required to assure separate appraisal of the various interests; also to assure proper notice of and opportunity to oppose the appraisal before the court proceeds to homologate it and orders the sale and distribution of the proceeds. If this procedure is not followed, the mineral right of appellant W. W. Johnstone in the property will not be affected. R.S. 31:184.
The judgment is affirmed at appellants' cost.