465 So.2d 865 (1985)
James F. THIGPEN, Plaintiff-Appellant,
v.
Burl N. BOSWELL, Defendant-Appellee.
No. 16782-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*866 Richie & Richie by C. Vernon Richie, Shreveport, for plaintiff-appellant.
Steven L. Porter, Mansfield, for defendant-appellee.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
James F. Thigpen sought a declaratory judgment recognizing him to be the owner of one-third of the mineral rights relating to certain immovable property located in DeSoto Parish, Louisiana. Rejecting the demands of Thigpen, the trial judge found for the defendant, Burl N. Boswell. For the following reasons we reverse.
On November 3, 1981, Gary L. Perrin filed suit for partition by licitation of the property that is the subject of this lawsuit. After all necessary parties were joined, Thigpen filed answers to the original and amending petitions. Default judgment was rendered against all other defendants and was signed on May 4, 1983. After an "uncontested trial," judgment was rendered against Thigpen and signed on May 5, 1983. Both judgments ordered the subject property partitioned by licitation, recognized the ownership interests in the property including fractional mineral interests, appointed a notary to make the partition, and appointed two appraisers to make separate appraisals of the property as a whole and the outstanding mineral servitudes. On June 22, 1983, before the appraisals had been performed, the property was sold at sheriff's sale to Gary L. Perrin. It was deeded to Perrin on August 19, 1983, and on the same day he deeded the tract (without warranty as to the minerals) to Burl N. Boswell.
The issue before this court is whether the appraisal procedure outlined in articles 180-184 of the Mineral Code (Title 31 of the Louisiana Revised Statutes) must be implemented prior to the sheriff's sale effectuating a partition by licitation judgment in order for the mineral interests to transfer.
Articles 180-184 of the Mineral Code provide as follows:
§ 180.
If the owner of a mineral right or interest therein is made a party to an action for partition of the land subject to his right and it is determined that the partition is to be by licitation, the court shall appoint two appraisers who shall separately value the interest in the land *867 or the mineral rights of each party to the action who is or may be entitled to participate in the proceeds of the sale.
§ 181.
A copy of the appraisal shall be served upon each party to the action together with a notice that the appraisal may be homologated after the expiration of fifteen days from the date of service.
§ 182.
An opposition to the appraisal may be filed by any party to the action at any time before homologation and shall be tried as a summary proceeding.
§ 183.
When the owner of a mineral right or interest therein is entitled to participate in the proceeds of the licitation, the court shall order that the proceeds be distributed in the proportion that the homologated value of the interest of each party who is entitled to participate in the sale bears to the total homologated value of all of the interests of all of the parties.
§ 184.
If an appraisal of any mineral right or interest therein is not made as herein required, the partition is not invalid, but the right or any interest therein is not extinguished or otherwise affected.
We addressed this issue in the case of Patrick v. Johnstone, 361 So.2d 894, 898 (La.App.2d Cir.1978) writ denied 364 So.2d 600, as follows:
"We find R.S. 31:180, 181, 182 and 183 clearly outline the procedures required to assure separate appraisal of the various interests; also to assure proper notice of and opportunity to oppose the appraisal before the court proceeds to homologate it and orders the sale and distribution of the proceeds. If this procedure is not followed, the mineral right of the appellant W.W. Johnstone in the property will not be affected. R.S. 31:184." [emphasis added]
We do not agree with Boswell that this language is mere obiter dictum. The defendant in the Patrick case argued that the appraisal procedure should be followed prior to a determination that the property be partitioned by licitation rather than in kind. Therefore, the proper time to invoke the procedure was an issue before this court. Judge Bolin opined for the court that the procedure was not a prerequisite to a judgment of partition but was a prerequisite to sale.
Boswell is correct in asserting that the statute does not clearly delineate when the appraisals are to be made. Reason dictates that we interpret the statute in the manner that effectuates the legislature's intent and does not create a result inconsistent with general principles of law.
The reporter of the Mineral Code commented:
"Articles 180 through 182 provide procedures for appraisal of the property to be sold, for service of that appraisal on all parties, and for an opportunity to oppose the appraisal. The court is required to assure that there will be an equitable distribution of the proceeds. If a mineral right is not appraised, the effect of the sale is the same as if the owner had not been made a party to the action. The sale is valid, but the right in question survives the sale..... Thus, under Article 180 the appraisal must be of each interest being affected or subject to being affected by the sale and of the aggregate value of all of these individual interests. [emphasis added]
The comments of the reporter are not law, but they show the intent of the drafter of the articles. The plain meaning of the comment requires appraisal before sale.[1] While it is arguable that all owners *868 of an interest in the property do not need to know the relative value of their interest prior to the sale, only prior to the distribution of proceeds, it is clear that a purchaser needs to know what he is bidding on in order to make an intelligent bid. To conclude that the appraisal can be made after the sale is to assert that the sale of the mineral rights is conditional on a future event, which in this case, has yet to occur more than one year after the sale.
Boswell argues that third party purchasers should be able to rely on the judgment of the trial court ordering partition. Acceptance of this argument does not change the result. The trial court ordered appointment of two appraisers "to accomplish an appraisal of the entire estate as a whole and to accomplish an appraisal of the outstanding mineral servitude...." A third party checking the public records in this case would not have found the appraisals and consequently would have been placed on notice that Article 180 had not been complied with. Furthermore, a check of the records shows no service of the appraisals under Article 181.
Finally, Boswell argues that Thigpen should have enjoined the sale. It was not Thigpen's duty to enforce compliance with the procedures presumably known by Boswell's counsel prior to the sale. In this case, Thigpen was adequately protected by Article 184 which reserved his mineral rights to him since they were not appraised.
We therefore hold that under Article 184 of the Mineral Code, the unappraised mineral interest of James F. Thigpen was "not extinguished or otherwise affected" by the sheriff's sale because of lack of compliance with Articles 180-183 prior to the sale. Consequently, we reverse the trial court and render judgment in favor of James F. Thigpen and against Burl N. Boswell declaring James F. Thigpen to be the owner of an undivided one-third of the mineral rights relating to:
The Northwest Quarter of the Northeast Quarter of Section 28, Township 15 North, Range 13 West, DeSoto Parish, Louisiana, containing 40 acres, more or less.
All costs of appeal are assessed to the appellee, Burl N. Boswell.
NOTES
[1] Note that articles 179-187 are a redrafting of Article 741 of the Civil Code which prior to its repeal read in pertinent part:

(2) In all cases where the owner of any servitude or mineral interest is joined as a party to any suit for partition by licitation of an estate, before the property shall be offered for sale, there shall be an appraisement thereof by a Notary and two appraisers appointed by the Court, in which appraisement there shall be, first an appraisement of the entire estate, as a whole, and, second, an appraisement of the rights of each party holding a servitude or mineral interest in the property or in any portion thereof, or in any undivided interest therein. Such appraisement shall be submitted to the Court for homologation, and the definitive judgment directing the sale of the property shall provide, in the event of an adjudication of the property to a third person, for an equitable distribution of the total price of the property as a whole to the interested parties in the proportion in the interest of each bears to the whole. [emphasis supplied]