625 So.2d 477 (1993)
Alma Dale CAMPBELL
v.
PASTERNACK HOLDING CO., INC., et al.
No. 92-CC-3244.
Supreme Court of Louisiana.
October 18, 1993.
*478 Josiah W. Seibert, III, Smith, Taliaferro, Seibert & Purvis, Vidalia, for applicant.
Nathan M. Calhoun, Calhoun & Murray, Vidalia, Dewitt T. Methvin, Jr., Gist, Methvin, Hughes & Munsterman, Alexandria, Norman Magee, Ferriday, Harry Lossin, Sr., Jonesville, for respondent.
CALOGERO, Chief Justice.[*]
We granted plaintiff's writ to determine whether she has been improperly denied a right to partition by licitation property in which she has an undivided interest. The case presents two related issues. First, may a co-owner with perfect ownership partition by licitation property as to which another undivided interest has been bifurcated into usufructuary and naked interests. This issue requires us to revisit Pasternack v. Samuels, 415 So.2d 211 (La.1982). We will also reconsider Cahn v. Cahn, 468 So.2d 1176 (La. 1985), which held that Civil Code article 543, amended in 1983 and legislatively changing the result in Pasternack, was not to be applied to co-owners who had acquired their property interests before the amendment.
The second issue is whether the same plaintiff co-owner, who has no attendant mineral rights, may partition her "surface" interest in the land only, by licitation, where one or more of the defendant co-owners has full interests in the land, including mineral rights.
Our ultimate determination, as is evident from the balance of the opinion, is that Cahn v. Cahn is to be overruled, that article 543 as amended applies prospectively to all co-owners, even those whose interests were acquired under pre-existing law and jurisprudence. The latter code article, as amended in 1983, governs this case and affords the plaintiff the relief she seeks, that is, partition by licitation of the property, excepting, and *479 subject to, all of the mineral interests in the property.
The facts in this case are not in dispute and are essentially as follows. Plaintiff Alma Dale Campbell instituted this law suit on August 1, 1991, seeking partition by licitation of 2,800 acres of land located in Concordia Parish. Defendants included Pasternack Holding Co., Inc., and Joseph Pasternack, Jr., individually and as trustee of the trust established for the benefit of Joseph Pasternack III (by the last will and testament of Agatha K. Pasternack, wife of Joe Pasternack). The latter defendant filed peremptory exceptions of no right of action and no cause of action.[1] Subsequently, defendants Betty Claire Pasternack Samuels and Harold Samuels filed similar exceptions. In the three sets of exceptions, the defendants asserted that plaintiff had no right and no cause of action to provoke a partition by licitation because plaintiff had perfect ownership in the surface of the land only, whereas the exceptors owned interests in the surface of the land and the mineral rights. In addition, exceptors alleged that the interest owned by one of the defendants was burdened by a usufruct,[2] thereby destroying any commonality of interest between the plaintiff and at least one defendant, and that, accordingly, plaintiff should be denied a partition by licitation.
The trial court, without assigning reasons, overruled the peremptory exceptions. Defendants were granted a supervisory writ by the Third Circuit Court of Appeal. That court reversed the district court, noting that the lower court erred in failing to maintain defendants' peremptory exceptions of no cause and no right of action where one defendant's ownership interest was burdened by a usufruct. The court of appeal applied Pasternack and distinguished the case at bar from Devillier v. Devillier, 371 So.2d 1230 (La.App.3d Cir.1979).
Thereupon, the court of appeal relied on Cahn v. Cahn to avoid applying the amended Civil Code article 543. That article, amended to change the holding in Pasternack v. Samuels, specifically entitles a "person having a share in full ownership" to demand "partition of the property in kind or by licitation, even though there may be other shares in naked ownership and usufruct." In Cahn v. Cahn, the Court barred the application of the amended Civil Code article 543 against co-owners who had acquired their interest in land prior to the enactment of the article.
The court of appeal did not find it necessary to address the second issuewhether the plaintiff, who has no mineral interest in the property, may partition the co-owned property by licitation, where one or more of the defendants have full interests with mineral rights. Plaintiff, unsuccessful appellee in the court of appeal and relator here, sought a writ, which was granted by this Court.
The disputed property was originally acquired by Joe Pasternack on December 17, 1936, from Charles P. Alexander. By act of sale dated March 13, 1946, Joe Pasternack conveyed a one-fourth interest in the property to Abe Pasternack. By act of sale dated December 17, 1951, Joe Pasternack conveyed to John Dale, Jr., an undivided one-half interest in the property. The plaintiff's interest is derived exclusively from this latter acquisition by her ancestor, John Dale. Plaintiff Campbell, however, now owns her interest in the property without mineral rights, that interest being subject to outstanding mineral servitudes owned by third parties.[3] Conversely, defendants Pasternack *480 Holding Co., Inc., Pot of Gold, Inc., Betty Claire Pasternack Samuels, and Harold Samuels own their interests in full ownership, including proportionate shares of the mineral rights.
In Louisiana, property may be owned in indivision by more than one person, each owning an interest in the whole. See Steele v. Denning, 456 So.2d 992 (La.1984); Tucker v. Kelly, 506 So.2d 730 (La.App. 1st Cir. 1987). Yet, the Louisiana Civil Code and the jurisprudence of this state have long recognized that no co-owner "may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act." La.Civ.Code Ann. art. 807 (West 1991).
The need to partition stems from the inconvenience of co-management, namely the requirement of unanimous consent of co-owners in managing commonly held property. See Andrew L. Gates, III, Partition of Land and Mineral Rights, 43 La.L.Rev. 1119 (1983); Jeanne M. Gravois, Comment, The Revision of the Louisiana Co-Ownership Law, 65 Tul.L.Rev. 1261 (1991). With certain exceptions, each owner has the right to oppose the use of the property by the other. See Steele v. Denning, supra. Consequently, co-owners who cannot agree on the use of the property are by the Civil Code specifically afforded the right to seek partition. Needless to say, then, partition is favored under Louisiana law and this Court's jurisprudence.[4]See Amerada Petroleum Corp. v. Reese, 195 La. 359, 196 So. 558 (1940); Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277 (1919).
The right to partition rests on the parties holding interests in common. This commonality is the sine qua non for a co-owner's right in this regard. One of defendants' contentions in the district court, on which the court of appeal relied entirely, was that one defendant co-owner had only a naked interest and one defendant co-owner had only a usufructuary interest vis-á-vis plaintiff's perfect title, and that plaintiff was thus precluded from demanding partition, there being an absence of commonality of interests. Defendants relied on this Court's holding in Pasternack v. Samuels.[5] In Pasternack, the full owner of an undivided property interest was denied the right to demand partition by licitation where a co-owner had only a usufructuary interest. This Court based its decision in Pasternack on Civil Code article 543, adopted in 1976 as part of the revision of the property articles of the Civil Code. Civil Code article 543, before its amendment in 1983, provided that a
co-owner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner.
The Court majority found the wording clear and applicable, not just where the person asserting the right to partition has no full commonality vis-á-vis the defendant, like a naked owner suing a perfect co-owner, but as well where that person has commonality vis-á-vis each defendant, like a perfect owner suing the naked and/or usufructuary owners.
*481 That holding was not without question. The two dissenting justices and a third voted to grant a rehearing. The premise of the dissent was that the article was ambiguous, that it was meant to apply so as to prohibit partition by licitation only where the party seeking partition did not hold rights of the same nature in the same object with each defendant. The article's purpose was to prevent a usufructuary or a naked owner, acting alone, from affecting the interests of the other or forcing a full owner to dismember his ownershipnot to prevent a perfect owner from partitioning property owned in common with her by naked owners and/or usufructuary owners. To allow otherwise would be to allow a co-owner to create a usufruct over an undivided interest in property in order to defeat a partition by licitation by a co-owner with perfect ownership who acquired the interest when the property was free of any usufruct. See Andrew L. Gates, III, Partition of Land and Mineral Rights, 43 La.L.Rev. 1119 (1983); Charles A. Snyder, Civil Law PropertyPartition of Land Subject to a Usufruct, 24 La.L.Rev. 885 (1963); Christina Berthelot Peck, Note, Civil Code 543 and the Problem of Partition by Licitation of Property Subject to a Usufruct, 43 La.L.Rev. 787 (1983); B.J. Pistillo, Jr., Note, Civil Law PropertyCivil Code 543 and the Prohibition of Partition by Licitation of Property Subject to Usufruct, 55 Tul. L.Rev. 224 (1979). And this surely the law will not countenance.
In 1983, this Court's Pasternack decision was legislatively overruled by an amendment to Civil Code article 543. That amendment provides that "a person having a share in full ownership may demand partition of the property in kind or by licitation, even though there may be other shares in naked ownership and usufruct."[6] La.Civ.Code Ann. art. 543 (West 1983).
This amendment accords with the rationale of the holding in Devillier v. Devillier, a court of appeal opinion, which the Court majority in Pasternack had found not persuasive.[7] In Devillier, as in the present case, the co-owner seeking partition by licitation was a perfect owner of an undivided interest in the property; only another co-owner's interest was burdened by a usufruct. The court in Devillier concluded that a co-owner with a perfect ownership interest has common ownership elements with all others who hold an interest in the property, those with only naked ownership, usufructuary interest, or both, because perfect ownership is the combination of usufructuary interest and naked ownership.
The 1983 amendment to article 543 therefore allows a person like this plaintiff, one having a share in full ownership, to demand partition by licitation of co-owners who have only a usufructuary or only a naked ownership interest. Article 543, since it was amended in 1983, specifically allows what plaintiff seeks here.
Defendants point out, however, that Cahn v. Cahn, decided by this Court in 1985, barred application of the 1983 amendment to the detriment of a limited co-owner (one with a naked ownership or a usufructuary interest) who acquired that interest before the *482 1983 amendment. Cahn saw such an application as being retroactive, the rights of the defendant co-owner substantive, and the application of the amended article therefore impermissible. That decision may have been driven by equitable or "policy" considerations.[8] But it was not legally correct, we now conclude. The 1983 amendment to article 543 is procedural in nature.[9] The article deals only with a co-owner's right to partition property, a matter which, for a continuous owner, both precedes and succeeds passage of the amendment to Civil Code article 543. A co-owner's substantive right, that is, the actual proportionate ownership interest in the property, with all which that entails, is unaffected by the article.
As noted, the majority opinion in Cahn saw the application of the amendment to ownership interests previously acquired as a "retroactive" application of the amendment. It was not so much that, as it was a prospective application of the amendment to all extant co-ownership interests. Even if retroactivity is legitimately the question (which we do not concede), then the 1983 amendment should be applied in that sense "retroactively," for the rights are procedural, not substantive.[10] To hold otherwise would be to create different rights among co-owners of property depending on the date on which they acquired their interests. If Civil Code article 543 as amended were not applicable, consider the anomaly which would arise where co-owner X acquired his interests in 1980 and co-owner Y acquired his interests in 1984, after the 1983 amendment to article 543 became effective. Co-owner X could prevent co-owner Y from demanding partition, but co-owner Y would not have the corresponding right to prevent co-owner X from doing so.
Furthermore, plaintiff's ancestor, John Dale, acquired his interest in the co-owned property in 1951. At that time, he had an undisputed right to seek partition of the property owned in indivision. His successor, plaintiff Campbell, therefore, would arguably have that same undisputed right to seek partition that her ancestor enjoyed, should we concern ourselves with prior acquired rights in this context. If we perpetuate the Cahn holding and do not apply article 543 to the facts of this case, how do we respond to plaintiff's contention that as successor to her ancestor's interest, acquired in 1951, well before defendants' interests were bifurcated, her father had and she has prior substantive rights which include the right to partition, and that her interest in this regard should be equally respected.
Logic and good sense dictate that a co-owner's right to seek partition should be governed by the law as it exists when partition is sought. Accordingly, Cahn v. Cahn, *483 468 So.2d 1176 (La.1985), is overruled.[11] Plaintiff's right to partition after 1983 is afforded by the statutory amendment, a right extended to plaintiff as a current co-owner, however long ago she or her co-owners may have acquired their interests.
The second issue is whether the plaintiff, as owner of an undivided interest in land, but without attendant mineral rights, may demand partition by licitation of the land, excepting mineral rights, where one or more of the defendants own full unfractured interests in the property. We must decide this issue because if the district court's judgment, which was without reasons (overruling defendants' exceptions of no right and no cause of action), is supportable under either premise (i.e., partition by licitation is not permitted where a co-owner defendant has usufructuary interests only, and/or where the co-owner defendant has ownership including mineral rights vis-á-vis plaintiff without mineral rights), the judgment of the district court should be affirmed.
No clear answer to this question is to be found in the cases decided by this Court. The closest we come is Steele v. Denning, where we held that a plaintiff owner with undivided interest less mineral rights had no right to a judgment ordering the partition of mineral rights. In that case, however, we did affirm the part of the court of appeal's judgment which permitted partition of the land excepting the minerals. That holding is applicable here. It would be fully dispositive, but for a question raised by footnote 4 in that opinion, wherein the author (who is the author here) pointed out that the parties were not protesting the right of the plaintiff to partition the surface alone, only the minerals. We took that premise as more or less stipulated, while speculating that there may be some question regarding that plaintiff's right to partition the surface alone, by analogy to Civil Code article 543 and the "naked owner/usufructuary" situation. The case under consideration gives us the opportunity to resolve that question more certainly.
The right to seek partition hinges on the party seeking partition having common elements of ownership with the other co-owners. In the present case, defendants argue that the parties do not hold interests in common, because the defendants own the surface as well as the mineral rights, while plaintiff owns the surface alone. According to the defendants, the action for partition should therefore fail.
Furthermore, argue the defendants, there is an analogy between the present situation and one in which a naked owner attempts to force a perfect owner to partition property owned jointly by them. Under amended Civil Code article 543, neither a naked owner nor a usufructuary, acting individually, may demand partition "of the property" from a co-owner with perfect ownership. Correspondingly, it is contended, this plaintiff without mineral rights should not be able to partition this property as to which defendants hold surface and mineral rights.
We reject defendants' argument. First, limitations on the right to partition, and laws in derogation of established rights, are to be strictly construed. See Monteville v. Terrebonne Parish Consol. Gov't, 567 So.2d 1097 (La.1990); G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62 (La.1990); Vuskovich v. Thorne, 498 So.2d 1072 (La. 1986); Louisiana Nat. Bank v. Triple R Contractors, 345 So.2d 7 (La.1977); Lamar Life Ins. Co. v. Babin, 246 La. 19, 163 So.2d 81 (1964); Charles Tolmas, Inc. v. Police Jury, 231 La. 1, 90 So.2d 65 (1956); Credon v. H.G. Hill Stores, 171 La. 341, 131 So. 41 (1930); City of Crowley v. Duson, 147 La. 520, 85 So. 226 (1920). Second, and more directly pertinent to defendants' argument, although naked owners may not demand partition "of the property" from co-owners having shares in full ownership, they may demand *484 partition of the naked ownership "subject to the rights of the usufructuary." La. Civ.Code Ann. art. 542.[12] Thus, to the extent that there is an analogy between naked owners and property owners without mineral rights, the latter would correspondingly have the right to partition the land subject to the rights of the holders of mineral interests. In this case, that is exactly what plaintiff seeks, partition of the land subject to the rights of the holders of mineral interests. See Jeanne M. Gravois, Comment, The Revision of the Louisiana Co-Ownership Law, 65 Tul. L.Rev. 1261, 1263 (1991); John M. Shuey, Some Problems of Co-Ownership in Louisiana Mineral Law, 35 Mineral L.Inst. 63, 65 (1991).
Furthermore, the surface owner without minerals versus full co-owner presents a different situation from the naked owner versus full co-owner. The naked owner has the right (abusus) to alienate his naked interest, but not the right to use (usus) or enjoy (fructus).[13] These essential ownership elements all reside in the landowner, who has acquired land with outstanding minerals in another or who has granted a mineral servitude. The mineral interests are simply real rights; they are not an element of ownership. La.Rev.Stat.Ann. § 31:16. They are conceptually analogous to real rights inherent in predial servitudes. And Louisiana law does not prevent partition by licitation where one co-owner has granted a predial servitude and another has not. "When a thing held in indivision is partitioned in kind or by licitation, a real right burdening the thing is not affected." La.Civ.Code Ann. art. 812.
This conclusion is supported by Tucker v. Kelly, 506 So.2d 730 (La.App. 1st Cir.1987). In that case, the First Circuit Court of Appeal recognized that a co-owner without mineral rights could demand partition of the surface rights by licitation. That court rejected arguments that no partition should be allowed because plaintiffs lacked ownership of the attendant mineral rights. The court reasoned that the defendants' mineral interests were unaffected by the partition of the land itself. Tucker, 506 So.2d at 736.
Our conclusion in the present matter is further supported by the provisions of the Louisiana Mineral Code. Although the Mineral Code does not establish who has the right to demand partition, the latter being governed by the Civil Code,[14] Part 3 of the Mineral Code, entitled "Partition of Land and Its Effect on Mineral Rights," recognizes that the land may be partitioned without partitioning the attendant mineral rights. See La.Rev.Stat.Ann. § 31:178-87 (West 1989); see also GMB Gas Corp. v. Cox, 340 So.2d 638 (La.App.2d Cir.1976). By necessary inference article 179 supports the proposition that property may be partitioned subject to the mineral rights: "The owner of a mineral right or interest therein is a necessary party to an action for partition of the land subject to his right." La.Rev.Stat.Ann. § 31:179.[15] Additionally, the language of article *485 180 contemplates that a co-owner without mineral interests may partition property subject to outstanding mineral interests where the procedure for so doing is set forth: "If the owner of a mineral right or interest therein is made a party to an action for partition of the land subject to his right and it is determined that the partition is to be by licitation...." See La.Rev.Stat.Ann. § 31:180.
Accordingly, we determine that the plaintiff, as co-owner of an undivided interest without mineral rights, may demand partition of the land by licitation, excepting mineral interests, notwithstanding that some of the defendants own land interests including mineral rights.
Neither contention by the defendants in support of the exceptions of no cause and no right of action, that plaintiff could not demand partition (1) where a co-owner's interest was burdened by a usufruct or (2) where plaintiff did not, like defendants, own an undivided interest in the mineral rights, is meritorious. Therefore the court of appeal was wrong, the district court was correct, and the exceptions were properly overruled.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed. The judgment of the district court is reinstated. The case is remanded to the district court for further proceedings.
JUDGMENT OF COURT OF APPEAL REVERSED; JUDGMENT OF DISTRICT COURT REINSTATED; REMANDED TO DISTRICT COURT.
DENNIS, J., concurs with reasons.
MARCUS, J., dissents and assigns reasons.
KIMBALL, J., not on panel, Rule IV, Part 2, Section 3.
DENNIS, Justice (concurring).
I respectfully concur.
I do not agree that Cahn v. Cahn, 468 So.2d 1176 (La.1985), should be overruled. Because the amendment to article 543 affects the right to partition property, the amendment is substantive, not procedural. In the absence of contrary legislative expression, substantive laws are to be applied prospectively only. La.Civ.Code art. 8. In this case, the legislature did not make its amendment to article 543 retroactive. Therefore, the amendment should not be applied retroactively.
However, I agree with the result reached by the majority. The interpretation of article 543 by this court in Pasternack v. Samuels, 415 So.2d 211 (La.1982), has been questioned and criticized. See Gates, Partition of Land and Mineral Rights, 43 La.L.Rev. 787 (1983). I believe the commentary has merit. Therefore, I conclude that the holding in Pasternack v. Samuels should be modified so as to permit the result reached by the majority. See Devillier v. Devillier, 371 So.2d 1230 (La.App.3rd Cir.1979).
MARCUS, Justice (dissenting).
In Pasternack v. Samuels, 415 So.2d 211 (La.1982), this court, interpreting La.Civ. Code art. 543, concluded that a full owner of an undivided interest in property subject to a usufruct was prohibited from partitioning the property by licitation. In 1983, the legislature amended the article to allow for partition by licitation in such cases. In Cahn v. Cahn, 468 So.2d 1176 (La.1985), this court refused to apply the amendment retroactively, finding it was a substantive change in the law that allowed partition by licitation in situations where it was theretofore prohibited. Now, the majority reaches an opposite conclusion, overruling Cahn and in effect overruling Pasternack.
Arguably, the former version of art. 543 created an inequity to full owners whose land was burdened by a usufruct and who wished to partition by licitation. However, it is not the job of this court to pass on the wisdom or fairness of the legislature's actions. As we noted in Pasternack, any change in the law addressed itself to the legislature. The legislature did act in 1983 to change the law, but this change was clearly substantive and cannot *486 be applied retroactively. Accordingly, I feel the pre-amendment version of art. 543, as interpreted in Pasternack, controls this case.
Accordingly, I respectfully dissent.
NOTES
[*] Kimball, J., not on the panel. Rule IV, Part 2, § 3.
[1] The trial court thereafter ordered that Pot of Gold, Inc., be substituted as a party defendant in place of Joseph Pasternack, Jr., individually and as trustee for the benefit of Joseph Pasternack III.
[2] The naked ownership of one-sixteenth interest in this property was bequeathed by Agatha K. Pasternack and placed in trust for the benefit of Harold Samuels, Jr., Ann Samuels, and Joseph B. Samuels. A usufructuary interest burdening this portion is owned by Betty Claire Pasternack Samuels. In addition, Betty Claire Pasternack Samuels owns an undivided interest in full ownership in another one-sixteenth of this property. The trust mentioned above is separate and distinct from the trust discussed in footnote 1.
[3] Plaintiff Alma Dale Campbell acquired one-third of her interest with the attendant mineral rights. The successive thirds of plaintiff's interest were acquired subject to the reservation of mineral rights to the vendors of the property interests. The mineral rights she did own were donated by an act dated July 11, 1991, and delivered to Alma Dale Campbell as trustee of the ADC Mineral Trust.
[4] Although the general rule is that the right to partition should be available to all co-owners of property, in certain circumstances partition may be limited or prohibited. For instance, partition may be prohibited when the use of the co-owned object is indispensable to the co-owners (see La. Civ.Code Ann. art. 1303); also, the common elements of condominiums cannot be partitioned (see La.Rev.Stat.Ann. §§ 9:1122.108(C), 9:1122.112(A) (West Supp.1979)); furthermore, community property cannot be partitioned during the existence of the community property regime (see La.Civ.Code Ann. art. 2336. See also Christina Berthelot Peck, Note, Civil Code Article 543 and the Problem of Partition by Licitation of Property Subject to a Usufruct, 43 La.L.Rev. 788, 789-92 (1983).
[5] Although the Pasternack family was involved in both Pasternack v. Samuels and Campbell v. Pasternack and both cases discuss the right to partition by licitation co-owned property, the property at issue in the case at bar is separate and distinct from the property that was at issue in Pasternack v. Samuels.
[6] Article 543, as amended in 1983, now provides in full:

"When property is held in indivision, a person having a share in full ownership may demand partition of the property in kind or by licitation, even though there may be other shares in naked ownership and usufruct.
A person having a share in naked ownership only or in usufruct only does not have this right, unless a naked owner of an undivided share and a usufructuary of that share jointly demand partition in kind or by licitation, in which event their combined shares shall be deemed to constitute a share in full ownership."
[7] It has been suggested that the Pasternack and Devillier cases differed in relevant respects, that while the plaintiff in Devillier had acquired her ownership interest before there came into existence the usufructuary interest of the defendant father (three of her siblings, but not plaintiff, transferred usufructuary interests in the property they owned to their father), the plaintiff in Pasternack had an ownership interest which came into existence at the same time as the defendant. That simply is incorrect. In Pasternack v. Samuels, the plaintiff's entire ownership interests did not come into existence at one time, for Joe, Jr. as well as his sister Betty acquired interests in the property by purchase from their father during his lifetime in addition to acquiring interests that devolved upon them from the successions of their parents.
[8] The plaintiff was the stepson of the seventy-nine-year-old defendant, whose husband bequeathed to her a usufruct over his interest (one-half) in a family home in New Orleans. The stepson filed suit, seeking partition by licitation of the home. Had the partition by licitation been allowed, the widow may have been turned out of the house.
[9] This has been the holding on the similar issue raised by the enactment of La.R.S. 9:2801, which created new and different procedures for partitioning community property. See Hall v. Hall, 460 So.2d 1053 (La.App.2d Cir. 1984) (statute pertaining to community property settlements held to be procedural and remedial in nature and therefore applicable retroactively to communities terminated prior to its enactment); Hinton v. Hinton, 452 So.2d 417, 420 (La.App.3d Cir.1984) (retroactive application of the statute, which is procedural and remedial in nature, held to "accommodate rather than to impede" partition of the community); Simon v. Simon, 421 So.2d 931 (La.App.4th Cir.) (parties divorced in 1981 but had not partitioned the community; the 1982 law, held procedural, deemed to govern the partition, even though community terminated before the law's enactment), writs denied, 423 So.2d 1181 (La.1982).
[10] Ownership under the civil law conveys three rightsusus, fructus, and abususto the owner. Partition protects a co-owner from forced co-ownership. It provides a procedure whereby a co-owner may withdraw from the co-ownership. A co-owner's right to benefit from the substantive elements of ownership are not affected by partition; a co-owner may enjoy the usus, fructus, and abusus resulting from his ownership interest as long as he chooses to remain a co-owner. It is only when that co-owner chooses to terminate his co-ownership that the law provides the means to do so. The co-owner's bundle of ownership rights are unimpaired by the co-owner's ability to terminate his co-ownership. The right is thus procedural rather than substantive.
[11] Reversal of the decision in Cahn v. Cahn does not in our view impermissibly affect any substantive or other right which may have been enjoyed under that decision until this day, for the reasons we have expressed above. We reserve the right, however, to consider independently the right of Mrs. Cahn, should she continue to survive (she was seventy-nine years old in 1985), based on her having litigated the issue to a successful conclusion, marked by the decision in Cahn in 1985. Her particular right, adjudicated to a final judgment by this Court, obviously places her in a distinctly different position from others who are otherwise in a similar position.
[12] Note, however, that this is inapplicable to the naked owner who might seek to partition property as to which the surviving spouse has full ownership in one-half of the community property and a usufruct over one-half of the community property. See La.Civ.Code Ann. art. 890.
[13] See Charles A. Snyder, Note, Civil Law PropertyPartition of Land Subject to a Usufruct, 24 La.L.Rev. 885, 886 (1964):

Ownership may be characterized by its elements: the right to use (usus), the right to enjoyment (fructus), and the right to alienate (abusus). Ownership is also characterized by its forms: perfect ownership, with the elements of usus, fructus, and abusus; usufruct, with usus and fructus; and naked ownership, with abusus. Under the Louisiana Civil Code and jurisprudence, holding in common means at least holding the same form of ownership in the same property.
[14] For a more complete discussion of the interrelation of the Mineral Code and the Civil Code, see Steele v. Denning, supra, at 994-97.
[15] The comments to article 179 also reinforce the principle that land may be partitioned independently of the mineral rights:

Article 179 of this recommendation has procedural impact in characterizing owners of mineral rights in land being partitioned as necessary parties to an action for partition. This means that although an action may proceed to a partition without an owner of mineral rights being present, upon timely objection he must be made a party if he is subject to the court's jurisdiction.... The principle that a partition sale made without joinder of an owner of mineral rights is not invalid is thus in keeping with characterization as a necessary party. If an owner of mineral rights is not joined, his right is simply not affected by the sale.
La.Rev.Stat.Ann. § 31:179 cmt. (West 1989) (emphasis added).