642 So.2d 157 (1994)
S.J. McCLENDON, et al.
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 94-C-0111.
Supreme Court of Louisiana.
September 6, 1994.
Ronald J. Bertrand, Bertrand & Soileau, Rayne, for applicant.
Leon C. Vial, Hahnville, for respondents.
CALOGERO, Chief Justice.[*]
Plaintiffs' recent lawsuit to recover interest on additional compensation in connection with an earlier expropriation of their property has resulted in a favorable judgment in the district court, affirmed by the court of *158 appeal. Settled principles of law, not necessarily the equities in the case, require that the judgment be reversed. An earlier final judgment was adverse to plaintiffs and res judicata bars this lawsuit.
On July 7, 1983, the State of Louisiana, Department of Transportation & Development filed expropriation proceedings pursuant to La.Rev.Stat.Ann. § 48:441-48:460 (West 1984) against S.J. McClendon, Lucille Darcy McClendon, Louis A. Lanaux and Linda Allen Lanaux (the McClendons). The McClendons filed responsive pleadings demanding additional compensation for their land. The jury awarded them additional compensation, an amount over and above that deposited by the State into the registry of the court upon their filing the expropriation suit. The trial court awarded legal interest on the additional compensation from July 7, 1983, the date of taking, until paid.
Both parties appealed. The McClendons sought even greater additional compensation. The State complained of the portion of the judgment which awarded legal interest on the additional compensation from the date of taking, July 7, 1983. The State claimed that interest should only have been awarded from the date the McClendons' answer was filed seeking additional compensation because Section 455 as amended in 1988 provides:
If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid.
On October 31, 1989, the court of appeal ruled favorably to the state and held the 1988 Amendment to Section 455 should be applied retroactively, thus awarding interest on the additional compensation from February 20, 1985, the date of judicial demand, instead of July 7, 1983, the date of taking. State, DOTD v. McClendon, 552 So.2d 1220 (La. App. 5th Cir.1989). Judgment became final on January 5, 1990, when this Court denied writs in the matter.[1]
Later, however, this Court granted writs and ruled on the same issue of law on December 3, 1990 in State, DOTD v. Estate of Davis, 572 So.2d 39 (La.1990), holding that the 1988 amendment to Section 455 should not be applied retroactively.[2] Thus in an expropriation case filed before 1988, legal interest on the additional compensation should be awarded from date of taking. Following the Davis decision, which was favorable to their earlier unsuccessful position, the McClendon filed the present suit making the same interest claim, that is, interest from the July 7, 1983 date of taking. The State filed a peremptory exception of res judicata, claiming that this lawsuit involved the same litigants and the same issue, and arose out of the same transaction as that involved in the prior fully concluded expropriation suit. The trial court overruled the exception. The court of appeal denied writs and the matter went to trial.
On January 20, 1993, the district court favored the landowners when it rendered judgment awarding interest from the date of the taking. This judgment was affirmed by the court of appeal. In its holding, the appellate court relied upon the new res judicata principles found in La.Rev.Stat.Ann. § 13:4232 (West 1991), which provides, in pertinent part:
*159 A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment.
Particularly, the court stated:
"The plaintiffs tried to seek review of our decision reversing the interest reward, but were denied review by the Louisiana Supreme Court. Very shortly thereafter, the Louisiana Supreme Court did grant a writ of review on the very same issue and rendered a decision which held that a retroactive application of the 1988 amendment to LSA-R.S. 48:455 operated to deprive a landowner of a substantive right, which is exactly what had happened to the McClendons, and what they had unsuccessfully fought against. In effect, as the law now stands, the McClendons were right all along and equity and fair play demand that the wrong that they are suffering be corrected." McClendon v. State, DOTD, 626 So.2d 729, 731 (La.App. 5th Cir.1993).
Although exceptional circumstances may well have existed in this matter, the aforementioned provision on res judicata is simply not applicable in this case.
The new provision, Section 4232, and an amended La.Rev.Stat.Ann. § 13:4231 (West 1991), both concerning res judicata, were enacted by Act No. 521 of the 1990 regular session of the Louisiana Legislature. Section 5 of this Act states:
"This Act shall become effective January 1, 1991, and shall apply to all civil actions filed on or after January 1, 1991. The preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991." (emphasis added).
Not only was the earlier case filed before January 1, 1991, but, as well, the judgment had become final before January 1, 1991, that is, on January 5, 1990. Therefore, the preclusive effect and authority of that judgment is determined by the law in effect prior to January 1, 1991. The res judicata provisions, prior to that date, which did not contain the exceptional circumstances exception which now appears in Section 4232 A(1), were found in La.Rev.Stat.Ann. § 13:4231 (West Supp. 1990), which read:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. Dixon, Booksh, and Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611, 618-9 (1977). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes re-litigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), on remand, 365 So.2d 586 (La.App. 1st Cir.1978), appeal after remand, 393 So.2d 270 (La.1980). Under former Section 4231, this Court held that "in order for res judicata to apply, the thing demanded in the second action must be the same as the thing demanded in the first action which has been concluded by a definitive judgment; the demand must be founded on the same cause of action; and the demand must be between the same parties, formed by them against each other in the same quality." Rivet v. First Financial Bank, FSB, 538 So.2d 216, 220 (La.1989).
Clearly, this case satisfies the three identities required for the application of res judicata. First, the thing demanded in the McClendons' second action is identical to that demanded in the first. In both disputes, the McClendons demand interest on the excess compensation award from the date of taking, July 7, 1983. And, the matter was concluded by a definitive judgment when the Court of Appeal ruled on the demand and thereafter this Court denied the McClendons' writs. Second, both demands were founded on the same cause of action, for they arise from the *160 same expropriation proceedings. Finally, the dispute in both actions is between the same parties, DOTD and the McClendons. Res judicata bars re-litigation of this lawsuit.
A claim that a prior adjudication was incorrect, because of an erroneous interpretation of law, or because of reliance on a legal principle later overruled, is immaterial to the application of res judicata in a following proceeding so long as the requirements of res judicata are met. Kelty v. Brumfield, 559 So.2d 907 (La.App. 4th Cir.1990), writ denied, 565 So.2d 939 (La.1990), cert. denied, 498 U.S. 1090, 111 S.Ct. 971, 112 L.Ed.2d 1057 (1991); Mai v. Mai, 419 So.2d 1251 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 970 (La.1982); Valien v. Prather, 348 So.2d 229 (La.App. 3rd Cir.1977), writ denied, 351 So.2d 515 (La.1977). That this Court subsequently overruled the first McClendon case precedent in Davis is of no consequence.

DECREE
For the foregoing reasons, the judgments of the district court and court of appeal are reversed. Judgment is herewith rendered maintaining defendant's exception of res judicata and dismissing plaintiffs' action at their cost.
DISTRICT COURT AND COURT OF APPEAL JUDGMENTS REVERSED; JUDGMENT DISMISSING PLAINTIFFS' PETITION RENDERED.
NOTES
[*] Lemmon, J., not on panel. Rule IV, Part 2, § 3. Judge Melvin A. Shortess, Court of Appeal, First Circuit, sitting in place of Justice James L. Dennis.
[1] Writ applications to this Court invoke our supervisory jurisdiction. Tate, Supervisory Powers of the of the Supreme Court of Louisiana Over Inferior Courts, 34 Tul.L.Rev. 165, 169 (1959). Case results and decisional law of the courts of appeal are affirmed or reversed, with this Court establishing jurisprudential rules of law for all of the state courts, but only after the granting of a writ. The denial of writs, on the other hand, neither blesses nor adopts the court of appeal's factual determination or expressions of law. It is appropriately said that writ denials do not make law. The statement of the court of appeal in this case that this Court reversed itself in rendering its opinion in Davis is, therefore, incorrect. It is true, on the other hand, that this Court's denying plaintiffs' writ application, and later granting a writ and resolving the legal question in Davis, has worked to the unfortunate disadvantage of plaintiffs in this case.
[2] Prior to the Davis decision, the Fifth Circuit Court of Appeal had already reversed itself and overruled McClendon in State, DOTD v. Stein, 570 So.2d 513 (La.App. 5th Cir.1990). See also, State, DOTD v. Anderson, 568 So.2d 657 (La.App. 3rd Cir.1990); State, DOTD v. Lanier, 564 So.2d 791 (La.App. 2d Cir.1990).