YELVERTON, J.
This is a dispute over a last will and testament. Nell Brassette Armand (Nell) appeals a judgment of possession entered in favor of Corine Brassette Bynog (Corine)- and Mrs. Nellie Brassette (Mrs. Brassette). Nell contends that the trial court erred in awarding Mrs. Brassette usufruct over a portion of the deceased’s property, rather than awarding it to her and the deceased’s other legal heirs. We agree. We set aside the trial court judgment and render judgment showing the correct dispositions of the deceased’s estate.
The succession was opened on January 26, 2001. According to the affidavit of death, jurisdiction, and heirship, Valley Brassette died on December 30, 2000, at the age of 95. He was married twice and had three children, two by his first wife and one by his second. By his first wife, who predeceased him, he was survived by a daughter, Nell, and four grandchildren, Russell, Jeffery, Susan, and Charlotte, who were the survivors of a son, Joseph, who likewise predeceased him. He was also survived by his second wife, Mrs. Bras-sette, and a daughter from that marriage, Corine.
According to the sworn detailed descriptive list of succession property, at the time of his death Valley Brassette owned separate property in the form of four tracts of land and a money market account. The immovables, designated in the descriptive list as Tracts A, B, C, and D, were valued respectively at $2,100, $8,040, $13,800, and $3,000. The family home, barn, and other buildings were located on Tract D. The money market account was valued at *817 $94,968.43. His community property consisted of his interest in one additional tract of land, Tract F, valued at $1,590.
l2The deceased left a statutory will dated March 15, 1996. The succession was opened on the petition of Mrs. Brassette and Corine, the persons named as legatees in the will. They presented the testament for probate. They filed their affidavit of death, jurisdiction, and heirship, and their sworn detailed descriptive list of succession property; they then petitioned for possession as legatees and as surviving spouse.
The dispositive paragraph of the will provided:
I hereby will and bequeath all of my interest in and to all of my property, whether community or separate, real or personal, movable or immovable in naked owner ship [sic] to my daughter namely: CORINE ALLANA BRAS-SETTE JOHNSON, LESS AND EX-ECPT [sic] I hereby will and bequeath all of my interest in and to all the buildings and improvements including the family house with all the furnishings in the said family house, the barn and other buildings and the lot or parcel of land which the above buildings are situated on to my wife NELLIE DUCOTE BRASSETTE.
The trial court signed a judgment of possession granting Corine naked ownership over all of the deceased’s property except the family home. The judgment recognized Mrs. Brassette as having full ownership of the family home (Tract D), her interest in the community property, and a usufruct over the remainder of Valley Brassette’s estate (Tracts A, B, and C, the money market account, and the deceased’s lk interest in Tract F).
The proceedings were conducted in chambers and no evidence was taken. Therefore, judgment of possession must be regarded as reflecting the court’s interpretation of the testament from the four corners of the instrument itself.
Nell, the surviving daughter of the deceased by his first marriage, appealed the judgment of possession. Her appeal was the exercise of the right given her by Louisiana Code of Civil Procedure Article 2086, which allows a person who could 1 shave intervened in the trial court to appeal. Appellant, as a legal heir of the deceased, could have intervened in the trial court. Nell claimed that the lower court erred in interpreting the will to give to Mrs. Brassette the usufruct of the separate property of the deceased which was left to Corine in naked ownership. Nell claimed that because this usufruct was not mentioned in the will, it fell intestate and was to go to the deceased’s legal heirs, rather than to Mrs. Brassette. Nell acknowledged that Mrs. Brassette would still have the usufruct of the deceased’s interest in the community, but that the usufruct devolved to her by operation of law under Louisiana Civil Code Article 890, rather than as a legatee.
The issue on appeal is the proper interpretation of the testament.
INTERPRETATION OF THE TESTAMENT
Both sides on this appeal rely on Louisiana Civil Code Article 1611. It reads:
The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator’s intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.
*818 The appellees make their argument based on the first sentence of the article, which relates that the intent of the testator controls the interpretation of his testament. The appellant relies upon the second sentence, which states that if the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit.
|4We find that the language of the testament is clear. The testator’s intent can be ascertained from the language of the testament. We agree with appellant that we must give it effect as written.
In Campbell v. Pasternack Holding Co., Inc., 625 So.2d 477 (La.1993), the supreme court referred to the classic real rights of full ownership as including three essential elements: the right to alienate, the right to use, and the right to enjoy the property. When these rights (in Latin abusus, usus, and fructus) are combined in one person, there is full or perfect ownership.
Full ownership can be dismembered into the usufruct and the naked ownership. “The ownership of a thing burdened with a usufruct is designated as naked ownership.” La.Civ.Code art. 478. The testament bequeathed to Corine naked ownership.
The only language in the will which is even a little problematic is “LESS AND EXECPT [sic].” Generally, in property descriptions, the expression “LESS AND EXCEPT” means that a smaller tract is excepted from a larger tract. That is not exactly what the testator did here. In a sense, the home place was excepted from the other property. But the only quantitative sense in which the home place could be excepted from the other property was in the sense of naked ownership. Nevertheless, the expression does not detract from the clear meaning of the two dispositions. The testator gave naked ownership of all his property to Corine, and full ownership of the excepted property to Mrs. Brassette. As to the usufruct of the legacy given to Corine, he simply made no disposition at all. This is the only way that the “less and except” language can be reasonably construed.
| sThe will contains two dispositions. Neither one is a universal legacy as defined by Louisiana Civil Code Article 1585, which reads in part: “A universal legacy is a disposition of all of the estate, or the balance of the estate that remains after particular legacies.” Nor is either disposition a general legacy as defined by Louisiana Civil Code Article 1586, which reads:
A general legacy is a disposition by which the testator bequeaths a fraction or a certain proportion of the estate, or a fraction or certain proportion of the balance of the estate that remains after particular legacies. In addition, a disposition of property expressly described by the testator as all, or a fraction or a certain proportion of one of the following categories of property, is also a general legacy: separate or community property, movable or immovable property, or corporeal or incorporeal property. This list of categories is exclusive.
Therefore, both legacies are particular legacies by default as defined by Louisiana Civil Code Article 1587, which reads: “A legacy that is neither general nor universal is a particular legacy.” The first legacy is:
“I hereby will and bequeath all of my interest in and to all of my property, whether community or separate, real or personal, movable or immovable in naked owner ship [sic] to my daughter namely: CORINE ALLANA BRAS-SETTE JOHNSON, LESS AND EX-ECPT [sic]”
The second particular legacy is:
“I hereby will and bequeath all of my interest in and to all the buildings and *819 improvements including the family house with all the furnishings in the said family house, the barn and other buildings and the lot or parcel of land which the above buildings are situated on to my wife NELLIE DUCOTE BRAS-SETTE.”
The will contains only these two definitely assigned legacies.
Louisiana Civil Code Article 1596 provides: “Any portion of the estate not disposed of under the foregoing rules devolves by intestacy.” The reference to “the foregoing rules” is to the articles dealing with the kinds of testamentary dispositions and accretion.
lfiThe testator bequeathed to his surviving spouse all of his interest in and to all of the buildings and improvements including the family house with all the furnishings in the said family house, the barn and other buildings, and the lot or parcel of land which the above buildings were situated on. This bequest was in full ownership. He gave the naked ownership of his other property to his daughter Corine. There was no testamentary disposition of the usufruct of the property given in naked ownership to Corine, nor of the usufruct of the deceased’s /& interest in the community property. The usufruct of these properties devolves by intestacy.
The judgment of possession from which this appeal was taken placed Mrs. Bras-sette in possession of the usufructary interest of the property that Corine received in naked ownership. This was error. Pursuant to the rules of intestacy, the deceased’s children, Nell and Corine, and his four grandchildren, Russell, Jeffery, Susan, and Charlotte by representation of the predeceased son, Joseph, inherit the usufruct with respect to the deceased’s separate property. Under Louisiana Civil Code Article 622, the principle of confusion of rights operates to make Corine the owner in full ownership of an undivided ]é interest in the deceased’s separate property. Under Louisiana Civil Code Article 890, Mrs. Brassette, as the surviving spouse, is entitled to a usufructary interest in the deceased’s /& interest in the community property.
Accordingly, the judgment of possession rendered by the trial court is set aside. We render judgment as follows:
NELLIE DUCOTE BRASSETTE is recognized as a legatee of the deceased, VALLEY J. BRASSETTE, and is placed in possession in full ownership of the property described as Tract D. She is recognized as 17the owner of her community lk interest in Tract F, and as having a legal usufruct over the deceased’s community interest in Tract F.
CORINE ALLANA BRASSETTE JOHNSON BYNOG is recognized and placed in possession in full ownership of an undivided ^ interest in Tracts A, B, and C and in naked ownership of the remaining % interest; and in full ownership of an undivided /é interest in Money Market-Account Number 10045672 and in naked ownership of the remaining % interest, located at Cottonport Bank, Marksville Branch, Avoyelles Parish; and all of the naked ownership interest of the deceased’s % community interest in Tract F.
NELL BRASSETTE ARMAND is recognized and placed in possession of % of the usufructuary interest in Tracts A, B, and C; and lk of the usufructuary interest in Money Market Account Number 10045672, located at Cottonport Bank, Marksville Branch, Avoyelles Parish.
RUSSELL BRASSETTE, JEFFERY BRASSETTE, SUSAN BRASSETTE, and CHARLOTTE BRASSETTE are each recognized and placed in possession *820 of a interest of the usufructuary interest in Tracts A, B, and C; and of the usufructuary interest in Money Market Account Number 10045672, located at Cottonport Bank, Marksville Branch, Avoyelles Parish.
Costs of this appeal are taxed to the succession.
JUDGMENT SET ASIDE AND RENDERED.