# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2011

No. 10-30725

Lyle W. Cayce
Clerk

POT OF GOLD, INCORPORATED,

Plaintiff–Appellee

v.

SAMPAK, L.L.C.; BETTY CLAIRE SAMUELS

Defendants–Appellants

Appeal from the United States District Court
for the Western District of Louisiana
Case No. 1:09-cv-00501-JDK

Before JOLLY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This case presents a protracted property dispute between a brother, Joe
Pasternack, Jr. ("Joe, Jr". or "Pot of Gold"),[1] and a sister, Betty Claire
(Pasternack) Samuels ("Betty" or "Sampak"),[2] that has been on-going for nearly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Pot of Gold, Inc. is a Louisiana Corporation that was formed by Joe Pasternack, Jr.
and his son, Joe Pasternack, III on August 28, 1991.

[2] Sampak, L.L.C. is a Mississippi Limited Liability Company formed on December 28,
1999 by Betty Claire (Pasternack) Samuels and her three children: Harold C. Samuels, Jr.,
Joseph B. Samuels, and Pamela Ann Samuels.

No. 10-30725

thirty years.  In light of an amendment to Louisiana Civil Code article 543 and the Louisiana Supreme Court's decision in *Campbell v. Pasternack Holding Co., Inc.*, 625 So. 2d 477 (La. 1993), Pot of Gold filed suit in state court seeking to partition by licitation certain property held in indivision with Sampak.[3]  Pot of Gold's suit was subsequently removed to federal court by Sampak.  Sampak, thereafter, filed its motion for judgment on the pleadings.  The magistrate judge held that Pot of Gold's cause of action was not barred by Louisiana's doctrine of res judicata because Pot of Gold's present cause of action did not exist at the time of the two prior suits.  Aggrieved, Sampak appealed.

## I. Background

In 1963, Joseph Pasternack died testate.  He was survived by his wife, Agatha Pasternack, and two children: Joe Pasternack, Jr., and Betty Claire Pasternack.  Joseph Pasternack left his half of the community property to be divided between his two children subject to a usufruct[4] in favor of Agatha.  In 1979, Agatha died testate.  Agatha left her half of the community property to the grandchildren in two separate trusts – one trust for Joe Pasternack, III and one trust for Betty's three children ("Samuels children").  The Samuels children's interest in the property was subject to a usufruct in favor of Betty.

In the early 1980's, Joe, Jr. filed his first suit in Louisiana state court against Betty seeking to partition by licitation[5] certain property held in indivision. *Pasternack v. Samuels*, 406 So. 2d 290, 291 (La. Ct. App. 1981), *cert. granted*, 411 So. 2d 453 (La. 1982), *aff'd*, 415 So. 2d 211 (La. 1982).  After a trial

---

[3]  This is the third suit filed by Pot of Gold against Sampak seeking to partition property by licitation.

[4]  A "usufruct" is " [a] right for a certain period to use and enjoy the fruits of another's property without damaging or diminishing it, but allowing for any natural deterioration in the property over time."  BLACK'S LAW DICTIONARY 1684 (9th ed. 2009).

[5]  "Licitation" is Louisiana's legal term for judicial sale of property held in common.  BLACK'S LAW DICTIONARY 1005 (9th ed. 2009).

No. 10-30725

on the merits, the trial court found that the property in question was not susceptible to partition in kind, but was subject to partition by licitation. *Id.* Louisiana's Third Circuit Court of Appeal agreed that the property was not subject to partition in kind, but held that the land subject to a usufruct was prohibited by law from being partitioned by licitation. *Id.* at 293-94. Joe, Jr. appealed to the Louisiana Supreme Court. The sole issue presented for the Court's determination was "whether the owner of an undivided interest in full ownership of property subject to an outstanding usufruct may demand partition by licitation." *Pasternack*, 415 So. 2d at 213. Relying on Louisiana Civil Code article 543, which prohibited partition by licitation for property subject to a usufruct, even if there was a person who had both a usufructuary interest and an ownership interest, the Court concluded that the property could not be partitioned by licitation and affirmed the judgment of the court of appeal. *Id.* at 213-14.

One year after the Louisiana Supreme Court's decision in *Pasternack*, the Louisiana legislature amended article 543, which now provides: "[w]hen property is held in indivision, a person having a share in full ownership may demand partition of the property in kind or by licitation, even though there may be other shares in naked ownership or usufruct." LA. CIV. CODE ANN. art. 543 (2010). After the amendment, Joe, Jr., individually, as the trustee for Joe, III, and as co-executor of his mother's estate, filed a second action in Louisiana state court against Betty for partition by licitation. *Succession of Pasternack*, 484 So. 2d 305, 305 (La. Ct. App. 1986), *cert. denied*, 487 So. 2d 443 (La. 1986). The sole issue in that case was "whether the 1983 revision of C.C. Art. 543 was curative, remedial, or procedural in nature, such as to render it applicable to cases and/or property rights arising before the effective date of the revision." *Id.* The trial court held that the amendment to article 543 was not intended to be applied retroactively. *Id.* at 306. Therefore, the trial court dismissed Joe, Jr.'s demand.

*Id.* Joe, Jr. timely appealed. Louisiana's Third Circuit Court of Appeal affirmed the judgment of the trial court based on the Louisiana Supreme Court's decision in *Cahn v. Cahn*, 468 So. 2d 1176 (La. 1985), which explicitly stated that amended article 543 could not apply retroactively. *Id.* In 1986, the Louisiana Supreme Court denied writ of certiorari. *Succession of Pasternack*, 487 So. 2d at 443.

In 1993, the Louisiana Supreme Court reconsidered its *Cahn* decision in *Campbell*, 625 So. 2d 477.[6] In *Campbell*, the Court explicitly overruled *Cahn*, finding that the amendment to article 543 was procedural and thus could be applied retroactively. *Id.* at 478. Thereafter, Pot of Gold filed suit against Sampak and Betty Claire Samuels, individually, in Louisiana state court seeking to partition the property by licitation. Sampak timely removed the case to federal court based on diversity jurisdiction. On August 10, 2009, Sampak filed its motion for judgment on the pleadings, arguing that Louisiana's doctrine of res judicata barred Pot of Gold's present cause of action.[7]

On September 21, 2009, the magistrate judge issued its ruling on Sampak's motion for judgment on the pleadings. The magistrate judge found that Pot of Gold's present cause of action did not exist at the time of the two prior suits. It found that a cause of action did not exist until after the Louisiana legislature amended article 543 and the Louisiana Supreme Court recognized that the amendment should apply retroactively. Therefore, the magistrate judge denied Sampak's motion for judgment on the pleadings.

---

[6] *Campbell* did not involve any of the property here at issue. *Campbell* did, however, involve the same parties as this case, but as defendants. In that case, the Louisiana Supreme Court found that the decision in *Cahn* "may have been driven by equitable or 'policy' considerations. But it was not legally correct, we now conclude." *Campbell*, 625 So. 2d at 482. Thus, the *Campbell* court explicitly overruled *Cahn*. *Id.* at 482-83.

[7] The parties also filed their consent to proceed to trial before a magistrate judge on a stipulated set of facts.

No. 10-30725

On July 7, 2010, the magistrate judge entered its judgment in favor of Pot of Gold and against Sampak and Betty Claire Samuels.[8] The magistrate judge then ordered the property to be sold, without appraisal, and the profits partitioned. Sampak timely appealed.

## II. DISCUSSION

### A. Standard of Review

"The res judicata effect of a prior judgment is a question of law that this court reviews de novo." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). To determine whether Pot of Gold's claim is barred by res judicata, we apply Louisiana's doctrine of res judicata. *See In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005) ("When giving preclusive effect to a state court judgment, this court must apply the preclusion rules of that state."); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000) (When determining the preclusive effect of a state court judgment in a subsequent federal lawsuit, "a federal court must refer to the preclusion law of the state in which judgment was rendered.").

### B. Res Judicata

As an initial matter, the parties agree – and Fifth Circuit precedent requires – that Louisiana's pre-1991 res judicata law applies to this case. *St. Paul Mercury Ins. Co.*, 224 F.3d at 436 ("[T]he preclusive effect of judgments arising from suits filed before [January 1, 1991], such as the present matter, is determined by the law in effect prior to 1991."). Louisiana's doctrine of res judicata applicable to this case states:

> The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action;

---

[8] On December 30, 2009, pursuant to a pretrial and status conference via telephone, the magistrate judge determined that the court would render its judgment based upon the record and the parties's stipulations.

the demand must be between the same parties, and formed by them against each other on the same quality.

LA. REV. STAT. ANN. § 13:4231(1985). Thus, for res judicata to apply, the urging party must show: (1) an identity of the thing demanded; (2) an identity of the parties; and (3) an identity of the cause of action. *St. Paul Mercury Ins. Co.*, 224 F.3d at 437.

The doctrine of res judicata is stricti juris[9] and any doubt concerning the doctrine's application is to be resolved against its application. *Eugene v. Ventress*, 220 So. 2d 94, 98 (La. 1969). Res judicata's preclusive effect will not obtain, however, unless all its necessary elements are established beyond all question. *Rhodes v. O'Connor-Valls Lab. Inc.*, 470 So. 2d 334, 335 (La. Ct. App. 1985). Only the third element is at issue in this case.[10]

This case presents the question of whether the "cause of action" is the same in the present case as in the 1986 judgment. A great deal of caution is required when addressing the question of identity of cause of action, particularly because there is substantial room for confusion between the common-law concept of a "cause of action" and the civil law concept of "cause." The Fifth Circuit's decision in *St. Paul Mercury Ins. Co.* addresses this distinction at length:

> As for the third requirement of identity of cause of action, Louisiana courts have concluded that the phrase is a mistranslation of the French and that it really refers to the civil concept of cause. Cause is the juridical or material fact which is the basis for the right claimed or the defense pleaded. It may be likened to grounds, theory of recovery, or the principle upon which a specific demand is

---

[9] "Stricti juris" is defined as "[o]f strict right of law; according to the exact law, without extension or enhancement in interpretation. . . . 2. Roman law. (Of a contract) required to be interpreted strictly on its terms, regardless of circumstances." BLACK'S LAW DICTIONARY 1558 (9th ed. 2009).

[10] According to the record, the parties stipulated that the parties and property involved in the present suit are the same as the parties and property in the prior two suits.

grounded, and it is a narrower concept than the common law's cause of action.

> We can distinguish between cause and cause of action by gauging their effects under res judicata. After final judgment, a cause of action includes all grounds in support of it, and together they merge into the judgment so that relitigation of the cause of action on different grounds is barred. But because cause is roughly analogous to theory of recovery, a second suit on a different ground is not precluded. As a result, with minor exceptions, Louisiana's law of res judicata does not recognize the common law "might have been pleaded" rule.

224 F.3d at 437-38 (internal citations omitted) (citing, among other authorities, *Mitchell v. Bertolla*, 340 So. 2d 287, 291 (La. 1976)). The proper inquiry as to identity of cause under pre-1991 Louisiana res judicata law is, therefore, whether the juridical facts and theory of recovery are the same as between the present case and the prior case. If there is any divergence, then there is no identity of cause and the present suit is not barred.

Clearly, the present case and the 1986 case involved: joint ownership in indivision, the presence of a usufruct, the usufructuary's refusal to agree to partition by licitation, and a basis for relief grounded in the right to partition under article 543. The only three things that have changed since the 1986 are: (1) a transfer of ownership interests to successors, (2) the passage of time, and (3) the courts' interpretation of article 543.

The first of these changes is addressed by the identity of parties doctrine, not the identity of cause/juridical facts issue, and is no bar to the application of res judicata here. The second change – the passage of time – is better addressed within the construct of "identity of the thing demanded" than as a changed juridical fact. That is, the passage of time here does not affect the rights of the parties as such; but it might conceivably change the character of the thing demanded in the present suit. That is not to say, of course, that the passage of time is categorically not a juridical fact; but rather that it is not here. In the

present case, though, the passage of time does not affect the theory of recovery or availability of relief under the statute: that is, it is not part of the "basis of the right claimed" in either the present or the past suit. *Mitchell*, 340 So. 2d at 291.

The remaining possible "juridical fact" is the change in the courts' interpretation of the law. Louisiana cases strongly suggest that a change in judicial interpretation of a statute is not a new juridical fact that saves a case from the application of res judicata where it would otherwise apply. *See, e.g.*, *McClendon v. State of La. Dep't of Transp. & Dev.*, 642 So. 2d 157, 160 (La. 1994). In *McClendon*, the plaintiffs had previously lost a land condemnation suit brought by the state; in the first suit, the district court awarded plaintiffs compensation for their land and interest from the date of the taking until paid. The court of appeals, however, concluded that a statute restricting the date from which interest was to be awarded to the date of judicial demand – not the date of the taking – applied retroactively and reduced the amount of interest awarded. After the judgment became final, the Louisiana Supreme Court held that the new statute establishing the date from which interest is to be calculated should not be applied retroactively. The plaintiffs filed a new suit against the state for additional compensation. After first concluding that the pre-1991 law applied, the court held quite expressly that, under the civilian law, "[a] claim that a prior adjudication was incorrect, because of an erroneous interpretation of law, or because of reliance on a legal principle later overruled, is immaterial to the application of res judicata in a following proceeding so long as the [other] requirements of res judicata are met. That this Court subsequently overruled the first *McClendon* case precedent . . . is of no consequence." *Id.* at 160 (citations omitted). Determining that a new judicial interpretation of the law would be a changed or new juridical fact would clearly be irreconcilable with *McClendon*.

No. 10-30725

Based on *McClendon*, we view the 1986 judgment as conclusively correct in all respects, and thus there is no proper way to consider a change in the law as part of the res judicata analysis.  Under this view, when Pot of Gold previously sued for partition by licitation, its claim was rejected on the grounds that the law was not retroactive; when Pot of Gold makes the same demand now, we are obliged to give conclusive effect to that prior determination precisely as the Louisiana Supreme Court did in *McClendon*.  Therefore, because there is an identity of cause between the litigation resulting in the 1986 judgment and the present case, we conclude that Louisiana's doctrine of res judicata applies.

## III. CONCLUSION

Therefore, based on the foregoing, the district court's decision is REVERSED.  Because the doctrine of res judicata applies to bar Pot of Gold's present suit, we find that judgment should be RENDERED in favor of Sampak.

**REVERSED** and **RENDERED**.